Geoffrey S. Kercsmar (#020528)
Sean J. O'Hara (#024749)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gsk@kflawaz.com
sjo@kflawaz.com

Attorneys for Plaintiff FRS GC Corp.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRS GC Corp., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>Oak Tree Management LLC, a Wyoming limited liability company; Milagro Consulting LLC, a Wyoming limited liability company; and David Harbour and Abby Harbour, a married couple,<br><br>Defendants.<br>_____<br>Oak Tree Management LLC, a Wyoming limited liability company; Milagro Consulting LLC, a Wyoming limited liability company; and David Harbour and Abby Harbour, a married couple,<br><br>Counterclaimants,<br><br>v.<br><br>FRS GC Corp., a Delaware corporation,<br><br>Counterdefendant. | Case No. 2:17-cv-02348-DGC<br><br>**JOINT CASE MANAGEMENT REPORT** |

1

Plaintiff FRS GC Corp. ("FRS") and defendants Oak Tree Management, LLC ("Oak Tree"), Milagro Consulting, LLC ("Milagro"), David Harbour ("Harbour") and Abby Harbour jointly submit this report of their Rule 26(f) planning meeting and case management plan. This report follows the format set out in the Court's Order Setting Rule 16 Case Management Conference (Dkt. #15).

1. **Attendance**. On October 30, 2017, counsel for the parties conducted a telephonic meet and confer to discuss Rule 26(f) and discovery topics. Sean J. O'Hara participated for FRS, and Alan Baskin and Peter Silverman participated for the defendants. On November 28, 2018, O'Hara and Silverman held a follow-up call to discuss the parties' MIDP disclosures and other discovery issues.

2. **Parties and parent entities**. The plaintiff in this case is: **FRS GC Corp.**, a Delaware corporation that is a wholly owned subsidiary of **Princeton Alternative Income Fund L.P.** The defendants are **Oak Tree Management, LLC**, a Wyoming limited liability company with no parent entity, **Milagro Consulting, LLC**, a Wyoming limited liability company with no parent entity, **David Harbour**, an individual, and **Abby Harbour**, an individual.

3. **Nature of the case**. Plaintiff's claims concern the use of loan proceeds by a payday lending company. Plaintiff FRS is the assignee of FinTech, a company that loaned money to Green Circle, a consumer lending company. FRS is also the assignee of Green Circle. FRS contends that Harbour (with and through Oak Tree and Milagro) improperly diverted funds for his own benefit despite restrictions, in violation of contractual restrictions imposed by the FinTech loans and Green Circle's contracts with the entity defendants. As a result, FRS alleges, the Defendants are liable for conversion, tortious interference, breach of contract, and fraudulent transfer.

Defendants deny FRS's allegations, and allege that all payments made by Green Circle to Defendants were valid and proper under contracts with Green Circle. Defendants contend that FRS is liable for breach of contracts between Green Circle,

on the one hand, and Oak Tree and Milagro, on the other, because Green Circle still owed money to the entity Defendants at the time FRS's predecessor in interest took possession of Green Circle's collateral. Defendants also contend FRS breached its duties under a subordination agreement. Defendants assert counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with contract, and unjust enrichment. Defendants also seek an accounting. Plaintiff denies the allegations in the counterclaim.

4. **Jurisdiction**. This is a diversity case with subject matter jurisdiction under 28 U.S.C. §§ 1332. The amount in controversy exceeds $2.5 million. Plaintiff is a citizen of Delaware (its state of incorporation) and New Jersey (the location of its headquarters). Defendants David Harbour and Abby Harbour are citizens of Arizona. Defendants Oak Tree and Milagro are also citizens of Arizona because David Harbour is the only member of both entities.

5. **Status of service and appearances**. All defendants have been served and appeared.

6. **Additions and amendments**. No additional parties or amendments to the pleadings are anticipated at this time. However, the parties do not waive their right to amend their pleadings in the future as appropriate.

7. **Contemplated motions**. Though it is too early to know with any certainty which motions (if any) will be filed and on which topics, both parties anticipate the possibility of filing a motion for summary judgment on liability, namely, whether the defendants were paid loan proceeds by Green Circle in breach of the loan's conditions. No *Daubert* motions are contemplated at this time.

8. **Suitability for reference to a magistrate judge**. The parties do not believe this case is suitable for reference to a magistrate judge for settlement conference or trial. The parties may pursue private mediation.

9. **Related pending cases**. There are no related cases meeting the criteria of LRCiv 42.1(a) or (e).

3

10. **ESI issues**. The parties have taken steps to preserve potentially relevant ESI and agree to produce ESI in searchable TIFF or PDF format when possible, except in the case of spreadsheets, which will be produced in native format. The parties do not believe there is a need for a separate order governing ESI issues.

11. **Privilege and work product issues**. The parties do not anticipate any disputes concerning privilege or work product.

12. **Rule 502(d) order**. The parties do not believe a Rule 502(d) order is warranted.

13. **Mandatory Initial Discovery Pilot Project**. The parties provided their mandatory discovery responses on November 17, 2017, within the deadline set by the pilot program. The parties anticipate production of documents following entry of a proposed confidentiality and protective order.

14. **Necessary Discovery**.

   a. **Extent, nature, location and proportionality**. The parties have discussed likely discovery. They envision depositions of the parties, third party depositions, written discovery, and third party document subpoenas. As the parties have already encountered with regard to the third-party subpoena discovery by Plaintiff, there will likely be occasions where the parties do not agree on the scope of the discovery, or whether such discovery is proportional to the needs of the case. The parties agree to meet and confer regarding any such disagreements, and seek to resolve them without the Court's intervention.

   b. **Suggested changes to limitations**. At this time, the parties do not wish to raise or lower the presumptive limits on discovery under the rules.

   c. **Number of hours permitted for each deposition.** The parties think the presumptive limit is appropriate.

15. **MIDP discovery responses**. The parties served their MIDP discovery responses on November 17, 2017.

16. **Proposed dates**.

4

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

a. **Completion of fact discovery and final supplementation of MIDP responses**: August 17, 2018

b. **Expert disclosures deadline**: September 28, 2018

c. **Expert depositions deadline**: October 26, 2018

d. **Deadline for face-to-face good faith settlement talks**: October 26, 2018

e. **Dispositive motion deadline**: December 7, 2018

17. **Jury trial requested**. Both sides demanded a jury in their initial pleadings. These requests are not contested.

18. **Prospects for settlement**. At the outset of the case, settlement appears unlikely but the parties will continually reassess settlement posture as the case proceeds.

19. **Other matters**. The parties have a dispute about the scope of Plaintiff's subpoena discovery [*See* Dkt. #12, 13] and are prepared to discuss it at the case management conference. There is also a pending motion to strike certain allegations in the counterclaim [Dkt. #18].

DATED this 1st day of December, 2017.

KERCSMAR & FELTUS PLLC

By: *s/Sean O'Hara*
Geoffrey S. Kercsmar
Sean J. O'Hara
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
*Attorneys for Plaintiff*

BASKIN RICHARDS PLC

By: *s/Peter Silverman (with permission)*
Alan S. Baskin
Peter Silverman
2901 North Central Avenue, Suite 1150
Phoenix, Arizona 85012
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on December 1, 2017, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Alan S. Baskin
Peter Silverman
**Baskin Richards PLC**
2901 North Central Avenue, Suite 1150
Phoenix, Arizona 85012
alan@baskinrichards.com
psilverman@baskinrichards.com
*Attorneys for Defendant*

 *s/Brandi Bies*

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001