Alan S. Baskin #013155
Peter Silverman #020679
**BASKIN RICHARDS PLC**
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone No. 602-812-7979
Facsímile No. 602-595-7800
E-mail:  alan@baskinrichards.com
            psilverman@baskinrichards.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRS GC Corp., a Delaware corporation,<br><br>                                    Plaintiff,<br><br>v.<br><br>Oak Tree Management LLC, a Wyoming limited liability company; Milagro Consulting LLC, a Wyoming limited liability company; and David Harbour and Abby Harbour, a married couple,<br><br>                                    Defendants. | **Case No. 2:17-CV-02348-PHX-DGC**<br><br>**DEFENDANTS' ANSWER AND AMENDED COUNTERCLAIMS**<br><br>(The Hon. David Campbell) |
| Oak Tree Management LLC, a Wyoming limited liability company; Milagro Consulting LLC, a Wyoming limited liability company; and David Harbour and Abby Harbour, a married couple,<br><br>                                    Counterclaimants,<br><br>v.<br><br>FRS GC Corp., a Delaware corporation,<br><br>                                    Counterdefendant. | |

        For their answer and counterclaims, Defendants Oak Tree Management LLC ("Oak Tree"), Milagro Consulting LLC ("Milagro"), and David and Abby Harbour (collectively,

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

"Defendants"), respond to Plaintiff's Complaint, and admit, deny and allege as follows:

## NATURE OF THE ACTION

1.      Answering the allegations of paragraph 1 of the Complaint, Defendants aver that the Complaint speaks for itself.  Defendants further aver that Plaintiff does not state a claim for which relief can be granted and its claims are entirely barred by Defendants' defenses and counterclaims alleged herein.

2.      Answering the allegations of paragraph 2 of the Complaint, Defendants admit upon information and belief that FinTech entered into a Loan and Security Agreement with Green Circle on or about June 19, 2015.  Defendants also admit that FinTech and Green Circle were parties to an Amended and Restated Subordination Agreement dated August 7, 2015. Defendants aver that the agreements speak for themselves.  Defendants lack information sufficient to form a belief that FinTech is a predecessor-in-interest of Plaintiff.  Defendants deny the remaining allegations in paragraph 2.

3.      Answering the allegations in paragraph 3 of the Complaint, Defendants aver that "Plaintiff's loan documents" speak for themselves.  Defendants deny any implication that they failed to comply with the terms of any agreements to which one or more Defendants were a party.

4.      Answering the allegations in paragraph 4 of the Complaint, Defendants admit they knew of a Loan and Security Agreement between Green Circle and FinTech as well as the Amended and Restated Subordination Agreement.  Defendants aver that those agreements speak for themselves.  Defendants deny the remaining allegations in paragraph 4.

5.      Answering the allegations in paragraph 5 of the Complaint, Defendants admit that Mr. Harbour is a sole member of Milagro and Oak Tree.  Defendants deny the remaining allegations of paragraph 5.

6.      Defendants deny the allegations in paragraph 6 of the Complaint.  Defendants aver that all payments Green Circle made to Oak Tree and Milagro were valid obligations of Green Circle to those entities, and were paid consistent with the terms and conditions of the Revolving Credit Promissory Note between Oak Tree and Green Circle dated August 6, 2014,

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

and the Exclusive Strategic Financial Consulting Services Agreement between Milagro and Green Circle dated January 8, 2015.

<u>**THE PARTIES**</u>

7.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.    Defendants lack information sufficient to form a belief as the truth of the allegations in paragraph 9 of the Complaint.

10.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.    Defendants admit, upon information and belief, the allegations in paragraph 11 of the Complaint.

12.    Answering the allegations in paragraph 12 of the Complaint, Defendants aver that the Loan and Security Agreement between FinTech and Green Circle speaks for itself.

13.    Defendants lack information sufficient to form a belief as the truth of the allegations in paragraph 13 of the Complaint.

14.    Answering the allegations in paragraph 14 of the Complaint, Defendants aver that the Complaint speaks for itself.

15.    Answering the allegations in the paragraph 15 of the Complaint, Defendants deny any "malicious" or wrongful conduct on the part of any Defendant. Defendants further deny that any purported "default" on the part of Green Circle was attributable to Defendants. Defendants lack information to form a belief as to the truth of the remaining allegations in paragraph 15.

16.    Defendants admit the allegations in paragraph 16 of the Complaint.

17.    Defendants admit the allegations in paragraph 17 of the Complaint.

18.    Defendants lack information sufficient to form a belief as the truth of the allegations in paragraph 18 of the Complaint.

3

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

19.     Answering the allegations in paragraph 19 of the Complaint, Defendants admit that David Harbour is married to Abby Harbour.  Defendants deny Mr. Harbour resides at the address identified.  Defendants aver that the remaining allegations state a legal conclusion to which no response is necessary.

20.     Answering the allegations in paragraph 20 of the Complaint, Defendants aver that the allegations state a legal conclusion to which no answer is necessary.

## JURISDICTION AND VENUE

21.     Answering the allegations in paragraph 21 of the Complaint, Defendants aver that the allegations state a legal conclusion to which no answer is necessary.

22.     Answering the allegations in paragraph 22 of the Complaint, Defendants aver that the allegations state a legal conclusion to which no answer is necessary.

23.     Answering the allegations in paragraph 23 of the Complaint, Defendants aver that the allegations state a legal conclusion to which no answer is necessary.

24.     Answering the allegations in paragraph 24 of the Complaint, Defendants aver that the allegations state a legal conclusion to which no answer is necessary.

## ALLEGATIONS OF FACT

### Formation of Contracts

25.     Answering the allegations in paragraph 25 of the Complaint, Defendants admit that on or about August 6, 2014, Green Circle executed a Revolving Credit Promissory Note with Oak Tree.  Defendants aver that the Revolving Credit Promissory Note speaks for itself.

26.     Answering the allegations in paragraph 26 of the Complaint, Defendants admit that a copy of the Revolving Credit Promissory Note is attached to the Complaint as Exhibit A.

27.     Defendants deny the allegations in paragraph 27 of the Complaint.  Defendants aver that the allegations by Plaintiff are directly rebutted by the Amended and Restated Subordination Agreement attached to the Complaint as Exhibit D.

28.     Defendants admit the allegations in paragraph 28 of the Complaint.

29.     Answering the allegations in paragraph 29 of the Complaint, Defendants admit that a copy of the Exclusive Strategic Financial Services Consulting Agreement is attached to

4

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

the Complaint as Exhibit B.

30.     Answering the allegations in paragraph 30 of the Complaint, Defendants aver that the Exclusive Strategic Financial Services Consulting Agreement speaks for itself.

31.     Defendants deny the allegations in paragraph 31 of the Complaint.  Defendants aver that an employee of Green Circle, Stefan Andreev, prepared the "reports and loan projections."  Defendants further aver that the "reports and loan projections" were examined and approved by Alonzo Primus, Green Circle's controller.  Defendants aver that while Mr. Primus was managing the day-to-day operations of Green Circle, he was also partner and chief credit officer for the assignee of FinTech's loan with Green Circle, Princeton Alternative Income Fund.  Defendants further aver that FinTech/Princeton placed Mr. Primus in control of Green Circle's affairs without disclosing to Defendants the connection.

32.     Defendants deny the allegations in paragraph 32 of the Complaint.

33.     Defendants deny the allegations in paragraph 33 of the Complaint.  Defendants aver that an employee of Green Circle, Stefan Andreev, prepared the "documents".  Defendants further aver that the "documents" were examined and approved by Alonzo Primus, Green Circle's controller as well as the partner and chief credit officer for Princeton Alternative Income Fund, the assignee of FinTech's loan with Green Circle.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.  Defendants aver that the "projections" were prepared by Stefan Andreev, an employee of Green Circle.  Defendants further aver the "projections" were examined and approved by Alonzo Primus, controller of Green Circle who was also partner and chief credit officer for Princeton Alternative Income Fund, the assignee of FinTech's loan with Green Circle.

36.     Answering the allegations in paragraph 36 of the Complaint, Defendants lack information sufficient to form a belief as to the truth of the allegations.  Defendants deny any implication they prepared the so-called projections and Monthly Borrowing Base Certificates.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

**Written, Explicit Restrictions on Loan Proceeds:**

39.     Upon information and belief, Defendants admit the allegations in paragraph 39 of the Complaint.

40.     Answering the allegations in paragraph 40 of the Complaint, Defendants admit that a copy of the Loan and Security Agreement is attached as Exhibit C to the Complaint.

41.     Answering the allegations in paragraph 41 of the Complaint, Defendants aver that the Loan and Security Agreement speaks for itself.

42.     Defendants admit the allegations in paragraph 42 of the Complaint.

43.     Answering the allegations in paragraph 43 of the Complaint, Defendants admit that a copy of the Amended and Restated Subordination Agreement is attached to the Complaint as Exhibit D.

44.     Answering the allegations in paragraph 44 of the Complaint, Defendants aver that the Amended and Restated Subordination Agreement speaks for itself.

45.     Answering the allegations in paragraph 45 of the Complaint, Defendants aver that the Amended and Restated Subordination Agreement speaks for itself.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Answering the allegations in paragraph 47 of the Complaint, Defendants aver that the Amended and Restated Subordination Agreement speaks for itself.

**Assignments:**

48.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.     Defendants lack information sufficient to form a belief as to the truth of the

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

allegations in paragraph 52 of the Complaint.

**Green Circle's Business:**

53.     Upon information and belief, Defendants admit the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

56.     Defendants deny the allegations in paragraph 56 of the Complaint.

**Program Vendors:**

57.     Answering the allegations in paragraph 57 of the Complaint, Defendants aver that the Loan and Security Agreement speaks for itself.

58.     Answering the allegations in paragraph 58 of the Complaint, Defendants admit that Schedule 8.15 of the Loan and Security Agreement includes the names CashSource Group and Red Cypress Group, among many others.

59.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint,

62.     Answering the allegations in paragraph 62 of the Complaint, Defendants deny that Blake Collins and Tyler Johnson are "associates" of Mr. Harbour.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62.

63.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65,     Defendants lack information sufficient to form a belief as to the truth of the

7

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

allegations in paragraph 65 of the Complaint.

66. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint. Defendants deny any implication of a connection between Defendants and the conduct alleged against Red Cypress, CashSource, Blake Collins or Tyler Johnson, and aver that the allegations as to these individuals and entities is a subterfuge as none are named in the lawsuit by Plaintiff.

**<u>Misuse of the Loan Proceeds:</u>**

70. Answering the allegations in paragraph 70 of the Complaint, Defendants aver that the Loan and Security Agreement and the Amended and Restated Subordination Agreement speak for themselves. Defendants deny the remaining allegations in paragraph 70.

71. Answering the allegations in paragraph 71 of the Complaint, Defendants admit they knew of a Loan and Security Agreement between Green Circle and FinTech as well as the Amended and Restated Subordination Agreement. Defendants aver that those agreements speak for themselves. Defendants deny the remaining allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

77. Defendants deny the allegations in paragraph 77 of the Complaint.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Defendants deny the allegations in paragraph 81 of the Complaint.

82.     Defendants deny the allegations in paragraph 82 of the Complaint.

83.     Defendants deny the allegations in paragraph 83 of the Complaint.

84.     Defendants deny the allegations in paragraph 84 of the Complaint.

85.     Defendants deny the allegations in paragraph 85 of the Complaint.

**Damages:**

86.     Defendants deny the allegations in paragraph 86 of the Complaint.

87.     Answering the allegations in paragraph 87 of the Complaint, Defendants deny any fraudulent transfers to Oak Tree and Milagro.  Defendants lack information sufficient to form a belief as to the truth of the allegations regarding Green Circle's ability to pay Plaintiff on any "outstanding" loan agreements.

88.     Defendants deny the allegations in paragraph 88 of the Complaint.

## FIRST COUNT

### Conversion

### (Against All Defendants)

89.     Answering the allegations in paragraph 89 of the Complaint, Defendants incorporate their answers to paragraphs 1-88 as though fully set forth herein.

90.     Defendants deny the allegations in paragraph 90 of the Complaint.

91.     Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Defendants deny the allegations in paragraph 93 of the Complaint.

94.     Defendants deny the allegations in paragraph 94 of the Complaint.

## SECOND COUNT

### Tortious Interference with a Contract

### (Against All Defendants)

95.     Answering the allegations in paragraph 95 of the Complaint, Defendants incorporate their answers to paragraphs 1-94 as though fully set forth herein.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

96.     Answering the allegations in paragraph 96 of the Complaint, Defendants admit upon information and belief that FinTech and Green Circle are parties to a Loan and Security Agreement.

97.     Answering the allegations in paragraph 97 of the Complaint, Defendants aver that the allegations state a legal conclusion to which no answer is necessary.

98.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint.

99.     Answering the allegations in paragraph 99 of the Complaint, Defendants admit upon information and belief the existence of a Loan and Security Agreement between FinTech and Green Circle.  Defendants deny the remaining allegation in paragraph 99.

100.    Defendants deny the allegations in paragraph 100 of the Complaint.

101.    Defendants deny the allegations in paragraph 101 of the Complaint.

102.    Defendants deny the allegations in paragraph 102 of the Complaint.

103.    Defendants deny the allegations in paragraph 103 of the Complaint.

104.    Defendants deny the allegations in paragraph 104 of the Complaint.

## THIRD COUNT

### Tortious Interference with Business Relations

### (Against All Defendants)

105.    Answering the allegations in paragraph 105 of the Complaint, Defendants incorporate their answers to paragraphs 1-104 as though fully set forth herein.

106.    Answering the allegations in paragraph 106 of the Complaint, Defendants aver that the allegations state a legal conclusion to which no answer is necessary.

107.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint.

108.    Answering the allegations in paragraph 108 of the Complaint, Defendants aver that the allegations state a legal conclusion to which no answer is necessary.

109.    Defendants deny the allegations in paragraph 109 of the Complaint.

110.    Defendants deny the allegations in paragraph 110 of the Complaint.

10

111.    Defendants deny the allegations in paragraph 111 of the Complaint.

112.    Defendants deny the allegations in paragraph 112 of the Complaint.

113.    Defendants deny the allegations in paragraph 113 of the Complaint.

114.    Defendants deny the allegations in paragraph 114 of the Complaint.

**FOURTH COUNT**

**Tortious Interference with A Business Relationship and Expectancy**

**(Against All Defendants)**

115.    Answering the allegations in paragraph 105 of the Complaint, Defendants incorporate their answers to paragraphs 1-114 as though fully set forth herein.

116.    Answering the allegations in paragraph 116 of the Complaint, Defendants aver that the allegations state a legal conclusion to which no answer is necessary.

117.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint.

118.    Answering the allegations in paragraph 118 of the Complaint, Defendants aver that the allegations state a legal conclusion to which no answer is necessary.

119.    Defendants deny the allegations in paragraph 119 of the Complaint.

120.    Defendants deny the allegations in paragraph 120 of the Complaint.

121.    Defendants deny the allegations in paragraph 121 of the Complaint.

122.    Defendants deny the allegations in paragraph 122 of the Complaint.

123.    Defendants deny the allegations in paragraph 123 of the Complaint.

**FIFTH COUNT**

**Civil Conspiracy**

**(Against All Defendants)**

124.    Answering the allegations in paragraph 124 of the Complaint, Defendants incorporate their answers to paragraphs 1-123 as though fully set forth herein.

125.    Answering the allegations in paragraph 125 of the Complaint, Defendants admit upon information and belief the existence of a Loan and Security Agreement between Green Circle and FinTech.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

126. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Complaint.

127. Defendants deny the allegations in paragraph 127 of the Complaint.

128. Defendants deny the allegations in paragraph 128 of the Complaint.

129. Defendants deny the allegations in paragraph 129 of the Complaint.

130. Defendants deny the allegations in paragraph 130 of the Complaint.

## SIXTH COUNT

### Breach of Contract

### (Against Oak Tree)

131. Answering the allegations in paragraph 131 of the Complaint, Defendants incorporate their answers to paragraphs 1-130 as though fully set forth herein.

132. Answering the allegations in paragraph 132 of the Complaint, Defendants admit that Green Circle, Oak Tree and FinTech entered into an Amended and Restated Subordination Agreement dated August 7, 2015. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 132.

133. Answering the allegations in paragraph 133 of the Complaint, Defendants aver that the allegations state a legal conclusion to which no answer is necessary.

134. Defendants deny the allegations in paragraph 134 of the Complaint.

135. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Complaint.

136. Defendants deny the allegations in paragraph 136 of the Complaint.

137. Defendants deny the allegations in paragraph 137 of the Complaint.

138. Defendants deny the allegations in paragraph 138 of the Complaint.

## SEVENTH COUNT

### Breach of Contract

### (Against Milagro)

139. Answering the allegations in paragraph 139 of the Complaint, Defendants incorporate their answers to paragraphs 1-138 as though fully set forth herein.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

140. Answering the allegations in paragraph 140 of the Complaint, Defendants admit that Green Circle entered into an Exclusive Strategic Financial Consulting Services Agreement with Milagro on or about January 8, 2015.

141. Answering the allegations in paragraph 141 of the Complaint, Defendants aver that the allegations state a legal conclusion to which no answer is necessary.

142. Answering the allegations in paragraph 142 of the Complaint, Defendants aver that the Exclusive Strategic Financial Consulting Services Agreement speaks for itself.

143. Defendants deny the allegations in paragraph 143 of the Complaint.

144. Defendants deny the allegations in paragraph 144 of the Complaint.

145. Defendants deny the allegations in paragraph 145 of the Complaint.

146. Defendants deny the allegations in paragraph 146 of the Complaint.

147. Defendants deny the allegations in paragraph 147 of the Complaint.

148. Defendants deny the allegations in paragraph 148 of the Complaint.

**EIGHTH COUNT**

**Avoidance of Transfer of Plaintiff's Loan Proceeds – Actual Fraudulent Transfer**

**(Against Oak Tree)**

149. Answering the allegations in paragraph 149 of the Complaint, Defendants incorporate their answers to paragraphs 1-148 as though fully set forth herein.

150. Defendants deny the allegations in paragraph 150 of the Complaint.

151. Defendants deny the allegations in paragraph 151 of the Complaint.

152. Defendants deny the allegations in paragraph 152 of the Complaint.

153. Defendants deny the allegations in paragraph 153 of the Complaint.

154. Defendants deny the allegations in paragraph 154 of the Complaint.

**NINTH COUNT**

**Avoidance of Transfer of Plaintiff's Loan Proceeds – Actual Fraudulent Transfer**

**(Against Milagro)**

155. Answering the allegations in paragraph 155 of the Complaint, Defendants incorporate their answers to paragraphs 1-154 as though fully set forth herein.

13

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

156. Defendants deny the allegations in paragraph 156 of the Complaint.

157. Defendants deny the allegations in paragraph 157 of the Complaint.

158. Defendants deny the allegations in paragraph 158 of the Complaint.

159. Defendants deny the allegations in paragraph 159 of the Complaint.

160. Defendants deny the allegations in paragraph 160 of the Complaint.

## TENTH COUNT

### Avoidance of Transfer of Plaintiff's Loan Proceeds – Constructive Fraudulent Transfer

### (Against Oak Tree)

161. Answering the allegations in paragraph 161 of the Complaint, Defendants incorporate their answers to paragraphs 1-160 as though fully set forth herein.

162. Defendants deny the allegations in paragraph 162 of the Complaint.

163. Defendants deny the allegations in paragraph 163 of the Complaint.

164. Defendants deny the allegations in paragraph 164 of the Complaint.

165. Defendants deny the allegations in paragraph 165 of the Complaint.

166. Defendants deny the allegations in paragraph 166 of the Complaint.

## ELEVENTH COUNT

### Avoidance of Transfer of Plaintiff's Loan Proceeds – Constructive Fraudulent Transfer

### (Against Milagro)

167. Answering the allegations in paragraph 167 of the Complaint, Defendants incorporate their answers to paragraphs 1-166 as though fully set forth herein.

168. Defendants deny the allegations in paragraph 168 of the Complaint.

169. Defendants deny the allegations in paragraph 169 of the Complaint.

170. Defendants deny the allegations in paragraph 170 of the Complaint.

171. Defendants deny the allegations in paragraph 171 of the Complaint.

172. Defendants deny the allegations in paragraph 172 of the Complaint.

## TWELFTH COUNT

### Recovery of Value of Fraudulent Transfers

### (Against Oak Tree and Milagro)

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

173. Answering the allegations in paragraph 173 of the Complaint, Defendants incorporate their answers to paragraphs 1-172 as though fully set forth herein.

174. Defendants deny the allegations in paragraph 174 of the Complaint.

175. Defendants deny the allegations in paragraph 175 of the Complaint. Defendants also aver that Green Circle is not a party to Plaintiff's suit.

176. Defendants deny the allegations in paragraph 176 of the Complaint. Defendants also aver that Green Circle is not a party to Plaintiff's suit.

## THIRTEENTH COUNT

### Aiding and Abetting Fraudulent Transfer to Oak Tree

### (Against David Harbour)

177. Answering the allegations in paragraph 177 of the Complaint, Defendants incorporate their answers to paragraphs 1-176 as though fully set forth herein.

178. Defendants deny the allegations in paragraph 178 of the Complaint.

179. Defendants deny the allegations in paragraph 179 of the Complaint.

180. Defendants deny the allegations in paragraph 180 of the Complaint.

181. Defendants deny the allegations in paragraph 181 of the Complaint.

182. Defendants deny the allegations in paragraph 182 of the Complaint.

183. Defendants deny the allegations in paragraph 183 of the Complaint.

184. Defendants deny the allegations in paragraph 184 of the Complaint.

## FOURTEENTH COUNT

### Aiding and Abetting Fraudulent Transfer to Milagro

### (Against David Harbour)

185. Answering the allegations in paragraph 185 of the Complaint, Defendants incorporate their answers to paragraphs 1-184 as though fully set forth herein.

186. Defendants deny the allegations in paragraph 186 of the Complaint.

187. Defendants deny the allegations in paragraph 187 of the Complaint.

188. Defendants deny the allegations in paragraph 188 of the Complaint.

189. Defendants deny the allegations in paragraph 189 of the Complaint.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

190.    Defendants deny the allegations in paragraph 190 of the Complaint.

191.    Defendants deny the allegations in paragraph 191 of the Complaint.

192.    Defendants deny the allegations in paragraph 192 of the Complaint.

193.    The remaining allegations of the Complaint are Plaintiff's prayers for relief to which no answer is required.  Defendants deny that Plaintiff is entitled to any relief, including any judgment, demanded in the prayer for relief.

194.    Defendants deny each and every allegation of the Complaint not expressly admitted herein.

### AFFIRMATIVE DEFENSES

For their affirmative defenses, Defendants allege as follows:

1.    Plaintiff's claims are barred by failure to state a claim that entitles Plaintiff to relief;

2.    Plaintiff's claims are barred, in whole or part, by lack of standing;

3.    Plaintiff's claims are barred by lack of personal jurisdiction;

4.    Plaintiff's claims are barred, in whole or part, by estoppel, waiver, laches and/or release;

5.    Defendants are entitled to offsets from the claims of Plaintiff, including without limitation for the relief to which Defendants are entitled under the Counterclaims alleged below;

6.    Plaintiff's claims are barred by failure to name all necessary parties;

7.    Plaintiff's claims are barred by unclean hands;

8.    Defendants preserve all other affirmative defenses including those set forth in Fed. R. Civ. P. 8(c), that discovery in this case shows are supported by the facts, and Defendants reserve the right to amend and supplement these Affirmative Defenses.

9.    Defendants further preserve their right and ability to pursue any matters inaccurately denominated as affirmative defenses hereunder as a counterclaim, including without limitation any promissory or equitable estoppel defenses.

### COUNTERCLAIMS

16

For their counterclaims, Defendants allege as follows:

**Introduction.**

1. Green Circle is in the business of consumer lending.

2. Green Circle entered into a loan agreement and consulting agreement with Oak Tree and Milagro, respectively, to help fund and grow Green Circle's business.

3. Plaintiff's lawsuit is an egregious attempt to separate Defendants from monies Green Circle paid to Oak Tree and Milagro consistent with the terms of those agreements.

4. Moreover, because of Plaintiff's actions, Oak Tree is still owed more than $1.8 million in principal under its loan with Green Circle, plus fees and interest.

5. Milagro is still owed more than $2.8 million under its consulting agreement with Green Circle.

6. It is Defendants, not Plaintiff, who are aggrieved.

**Oak Tree's Loan Agreement with Green Circle.**

7. Green Circle entered into a Revolving Credit Promissory Note with Oak Tree on August 1, 2014. *See* "Exhibit A" to the Complaint.

8. The Revolving Credit Promissory Note gave Green Circle a line of credit of up to $10 million from Oak Tree.

9. Green Circle agreed to repay the principal, plus interest, on terms set forth in its agreement with Oak Tree.

**Milagro's Consulting Agreement with Green Circle.**

10. Milagro entered into an Exclusive Strategic Financial Consulting Services Agreement with Green Circle dated January 8, 2015. *See* "Exhibit B" to the Complaint.

11. Under the agreement, Milagro provided financial strategy and consulting services to Green Circle, as well as banking referral services.

12. Green Circle agreed to pay Milagro a consulting fee tied to the size of the active serviced portfolio. Milagro was also entitled to a success fee based on weekly revenue.

**FinTech Signs a Separate Loan Agreement with Green Circle.**

13. FinTech entered into a Loan and Security Agreement with Green Circle on or

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

about June 19, 2015. *See* "Exhibit C" to the Complaint.

14. FinTech entered into the agreement after Green Circle had signed the Revolving Credit Promissory Note with Oak Tree, and after Green Circle had entered into the Exclusive Strategic Financial Consulting Services Agreement with Milagro.

15. Under the Loan and Security Agreement, FinTech agreed to make a revolving loan facility available to Green Circle for the purpose of consumer lending.

16. The Loan and Security Agreement specifically contemplated that Oak Tree and Milagro would continue to be paid under their pre-existing agreements with Green Circle.

17. Oak Tree's loan agreement with Green Circle is identified in Paragraph 8.14 and Schedule 8.14 of the Loan and Security Agreement as an approved material contract.

18. Milagro and its consulting agreement with Green Circle are identified in Paragraph 8.15 and Schedule 8.15 of the Loan and Security Agreement as an approved vendor and vendor contract, respectively.

**Milagro and Oak Tree Are Paid Using a Separate Operating Account.**

19. Green Circle paid Oak Tree and Milagro from an operating account at BMO Harris bank. Defendants exercised no control over the account.

20. Upon information and belief, there were only two authorized signers for the operating account: (1) Mr. Raycene Rains, a member of the Wakpamni Lake Community Corporation; and (2) Alonzo Primus.

21. Alonzo Primus was controller for Green Circle, a position from which he exercised control over Green Circle's business affairs.

22. While Mr. Primus was managing the day-to-day affairs of Green Circle, he was partner and chief credit officer for Princeton, a purported assignee of the loan originated by FinTech with Green Circle, which is still apparently the case.

23. All payments to Oak Tree and Milagro were reviewed and authorized by Mr. Primus. Green Circle's own financial analyst also provided the financial information used by Mr. Primus to determine whether and what amount Oak Tree and Milagro would be paid.

24. Monies from FinTech were housed in a loan facility account at BMO separate

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

from the account where Oak Tree Funds were deposited and from where Oak Tree and Milagro received payments from Green Circle.

25.    Upon information and belief, Alonzo Primus was the only authorized signer for the dedicated FinTech account.

26.    If Plaintiff believes any monies from the loan facility account were used in contravention of its agreement with Green Circle, it means that Princeton's own partner and chief credit officer, Mr. Primus, executed the transaction.

**Oak Tree, Green Circle and FinTech Enter into a Subordination Agreement.**

27.    On or about August 7, 2016, FinTech, Oak Tree and Green Circle entered into an Amended and Restated Subordination Agreement.  *See* "Exhibit D" to the Complaint.

28.    Under the Amended and Restated Subordination Agreement, Oak Tree agreed to subordinate its interest in certain collateral to FinTech.

29.    At the time, Oak Tree had advanced to Green Circle approximately $2.6 million in unpaid principal, as expressed in the Recitals to the agreement.

30.    The Amended and Restated Subordination Agreement did not require Oak Tree or Milagro to forgo payments under their loan and consulting agreements with Green Circle.

**Princeton Seizes the Green Circle Collateral and Assets.**

31.    Not only did Princeton and its agent Alonzo Primus engineer the subordination of Oak Tree's interests to FinTech, Princeton has now seized the Green Circle collateral as well as Green Circle's other assets.

32.    On or about September 16, 2016, Princeton issued a notice of default and demand for payment against Green Circle.

33.    The notice from Princeton gave Green Circle just ten days to repay all outstanding obligations to Princeton.

34.    Upon information and belief, Mr. Primus' position within Green Circle enabled him to cause or allow events of default.

35.    Upon information and belief, Mr. Primus stood to gain financially from a default by Green Circle.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

36.     Upon information and belief, the notice of default was a cash grab orchestrated by Philip Burgess to satisfy growing financial obligations facing him and his companies.

37.     Princeton's seizure of the Green Circle collateral and the other Green Circle assets resulted in an event of default under the Exclusive Strategic Financial Consulting Services Agreement between Green Circle and Milagro.

38.     Princeton's seizure of the Green Circle collateral and the other Green Circle assets also resulted in an event of default under the Oak Tree loan as Green Circle has failed to make payments when due.

39.     Oak Tree is owed more than $1.8 million in principal from Green Circle, plus interest and late fees.

40.     Milagro is owed more than $2.8 million from Green Circle.

41.     Upon information and belief, Princeton is not maintaining the Green Circle collateral such that its value is being adversely impacted by its activities.

42.     Paragraph (3) of the Amended and Restated Subordination Agreement provides, in relevant part:

> [N]otwithstanding any breach or default by Borrower under the Operations Finance Suite and if Borrower does not cure the breach or default, Oak Tree shall have the right to collect, foreclose upon, take possession of the Collateral or proceed in any way to enforce any claims it has or may have against the Collateral.

43.     Princeton has ignored demands from Oak Tree that Princeton make the Green Circle collateral available so that it may enforce its claims against Green Circle in accordance with this provision.

44.     Princeton has also refused to provide an accounting of the collateral to Oak Tree so it can enforce its claims against Green Circle in accordance with the foregoing provision.

## COUNTERCLAIM I

### (Breach of Contract)

45.     Defendants hereby restate and allege all allegations in the foregoing paragraphs as if set forth fully herein

46.     FinTech and Oak Tree were parties to the Amended and Restated Subordination

20

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

Agreement.

47.     The agreement gives Oak Tree, in the event of a breach or default by Green Circle, "the right to collect, foreclose upon, take possession of the Collateral or proceed in any way to enforce any claims it has or may have against the Collateral."

48.     By various actions alleged herein, Plaintiff has committed a breached of contract.

49.     Such actions include, without limitation:

a.  Plaintiff's seizure of the Green Circle collateral and other assets of Green Circle as a debt cash grab;

b.  Plaintiff's refusal to make the Green Circle collateral available to Oak Tree so it may enforce its claims against Green Circle;

c.  Plaintiff's refusal to provide an accounting of the Green Circle collateral so Oak Tree can enforce its claims against Green Circle.

50.     By virtue of the foregoing breaches by Plaintiff, Defendants suffered material, economic damage for which they are entitled to full recovery.

51.     Defendants are further entitled to recover their reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341.01 and 12-341.

## COUNTERCLAIM II

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

52.     Defendants hereby restate and allege all allegations in the foregoing paragraphs as if set forth fully herein.

53.     A party to a contract has a duty to act fairly and in good faith.

54.     This duty requires that neither party do anything that prevents the other party from receiving the benefits of their agreement.

55.     This duty applies to the Amended and Restated Subordination Agreement, to which FinTech and Oak Tree were parties.

56.     By various actions alleged herein, Plaintiff has breached its duty of good faith and fair dealing.

57.     Such actions include, without limitation:

21

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

a. Plaintiff's seizure of the Green Circle collateral and other assets of Green Circle as a debt cash grab;

b. Plaintiff's refusal to make the Green Circle collateral available to Oak Tree so it may enforce its claims against Green Circle;

c. Plaintiff's refusal to provide an accounting of the Green Circle collateral so Oak Tree can enforce its claims against Green Circle.

58. By virtue of the foregoing breaches of the implied covenant, Defendants suffered material, economic damage for which they are entitled to full recovery.

59. Defendants are further entitled to recover their reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341.01 and 12-341.

## COUNTERCLAIM III

### (Tortious Interference with Contract)

60. Defendants hereby restate and allege all allegations in the foregoing paragraphs as if set forth fully herein.

61. Milagro and Oak Tree entered into valid and enforceable contracts with Green Circle.

62. Plaintiff has had knowledge of Green Circle's contracts with Milagro and Oak Tree.

63. Plaintiff has improperly and intentionally interfered with Green Circle's contracts with Milagro and Oak Tree.

64. Plaintiff seized Green Circle's collateral and other assets following the default notice by Princeton in September 2016. Plaintiff also took total control of the company.

65. Plaintiff has prevented Green Circle from paying Oak Tree and Milagro and otherwise performing under their agreements for more than a year.

66. Plaintiff has acted maliciously and with intent to harm Defendants financially.

67. Defendants have suffered damage as a result of Plaintiff's tortious conduct.

## COUNTERCLAIM IV

### (Unjust Enrichment)

22

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

68.     Defendants hereby restate and allege all allegations in the foregoing paragraphs as if set forth fully herein.

69.     By seizing all of Green Circle's collateral and other assets, Plaintiff received a substantial benefit.

70.     As result of the same conduct on the part of Plaintiff, Defendants have suffered a material and substantial detriment.

71.     Plaintiff continues to hold and use proceeds that should be paid to Defendants.

72.     Plaintiff has acted without justification and with the intent of harming Defendants.

73.     Defendants are entitled to recover all amounts by which Plaintiff has been unjustly enriched.

74.     Defendants are also entitled to recover interest, attorneys' fees and court costs on this claim to the extent allowed by law.

## COUNTERCLAIM V

### (Accounting)

75.     Defendants hereby restate and allege all allegations in the foregoing paragraphs as if set forth fully herein.

76.     Princeton has seized the Green Circle collateral as well as Green Circle's other assets.

77.     This has resulted in an event of default under Oak True loan as Green Circle has ceased making payments.

78.     Under the Amended and Restated Subordination, Green Circle has to right to collect, foreclose upon, take possession of the collateral or proceed in any way to enforce claims it may have against the collateral.

79.     Oak Tree is also concerned Princeton is not maintaining the Green Circle collateral such that its value is being adversely impacted by Princeton's activities.

80.     Princeton has refused access to records as is just and reasonable for the purpose of exercising Oak Tree's rights.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

81.     The Court has authority to perform an equitable accounting to restore and protect Defendants' rights.

## JURY DEMAND

Defendants demand trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

## PRAYER FOR RELIEF

Wherefore, having fully answered the allegations of the Complaint, and having stated its counterclaims, Defendants pray for the entry of a final judgment in favor of Defendants and against Plaintiff, as follows:

a.     Dismissing with prejudice all the claims of Plaintiff and ordering that Plaintiff takes nothing;

b.     Awarding Defendants all of the actual, compensatory, consequential and incidental damages to be proven at trial;

c.     Awarding Defendants any punitive or exemplary damages allowed by law in an amount sufficient to punish Plaintiff and deter others similarly situated from like conduct;

d.     Awarding Defendants their reasonable attorneys' fees and costs  pursuant to A.R.S. §§ 23-341.01 and 12-341, or as otherwise provided by law;

e.     Awarding Defendants interest on all amounts from the earliest date and from the highest rate provided by law;

f.     Awarding Defendants all such other relief at law or in equity that the Court deems just and proper.

RESPECTFULLY SUBMITTED this 9th day of January 2018.

BASKIN RICHARDS PLC


/s/ Peter A. Silverman
Alan S. Baskin
Peter A. Silverman
2901 North Central Avenue, Suite 1150
Phoenix, AZ  85012
*Attorneys for Defendants*

24

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 9, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing to:

Geoffrey S. Kercsmar
Sean J. O'Hara
Kercsmar & Feltus PLLC
7150 E. Camelback Road, Suite 285
Scottsdale, AZ 85251
*Attorneys for Plaintiff*

/s/ Nicole Rynearson