1  Geoffrey S. Kercsmar (#020528)
2  Sean J. O'Hara (#024749)
   Zachary R. Fort (#031643)
3  KERCSMAR & FELTUS PLLC
   7150 East Camelback Road, Suite 285
4  Scottsdale, Arizona 85251
5  Telephone: (480) 421-1001
   Facsimile:  (480) 421-1002
6  gsk@kflawaz.com
   sjo@kflawaz.com
7  zrf@kflawaz.com
8
   Derek J. Baker (Pro Hac Vice)
9  REED SMITH LLP – PHILADELPHIA PA
   1717 Arch Street, Suite 3100
10 Philadelphia, Pennsylvania 19103-7301
11 Telephone: (215) 851-8148
   Facsimile:  (215) 851-1420
12 dbaker@reedsmith.com
13
   Attorneys for Plaintiff/Counterdefendant FRS GC Corp.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| FRS GC Corp., a Delaware corporation, | Case No. 2:17-cv-02348-DGC |
| Counterdefendant, | |
| v. | **ANSWER TO AMENDED COUNTERCLAIM** |
| Oak Tree Management LLC, a Wyoming limited liability company; Milagro Consulting LLC, a Wyoming limited liability company; and David Harbour and Abby Harbour, a married couple, | |
| Defendants. | |

1

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Oak Tree Management LLC, a Wyoming limited liability company; Milagro Consulting LLC, a Wyoming limited liability company; and David Harbour and Abby Harbour, a married couple,

        Counterclaimants,

  v.

FRS GC Corp., a Delaware corporation,

        Counterdefendant.

Plaintiff/Counterdefendant FRS GC Corp., assignee of FRS GC LLC, Fund Recovery Services LLC ("Fund Recovery"), Princeton Alternative Income Fund L.P. ("Princeton Alternative Income Fund"), and FinTech Financial LLC ("FinTech"), replies to the Amended Counterclaim of Defendants/Counterclaimants Oak Tree Management LLC ("Oak Tree"), Milagro Consulting LLC ("Milagro"), and David Harbour and Abby Harbour ("Harbours") (collectively, "Counterclaimants"), as follows:

**INTRODUCTION**

1. Counterdefendant admits the allegations in paragraph 1.

2. Responding to the allegations in paragraph 2, Counterdefendant admits that Green Circle entered into a loan agreement with Oak Tree and a consulting agreement with Milagro. Counterdefendant lacks information sufficient to admit or deny the remaining allegations in paragraph 2.

3. Counterdefendant denies the allegations in paragraph 3.

4. Counterdefendant denies the allegations in paragraph 4.

5. Counterdefendant denies the allegations in paragraph 5.

6. Counterdefendant denies the allegations in paragraph 6.

**Oak Tree's Loan Agreement with Green Circle.**

7. Counterdefendant admits the allegations in paragraph 7.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

8. Responding to the allegations in paragraph 8, Counterdefendant asserts that the Revolving Credit Promissory Note between Green Circle and Oak Tree speaks for itself and denies any characterization not consistent with the language of the agreement.

9. Responding to the allegations in paragraph 9, Counterdefendant asserts that the Revolving Credit Promissory Note between Green Circle and Oak Tree speaks for itself and denies any characterization not consistent with the language of the agreement.

**Milagro's Consulting Agreement with Green Circle.**

10. Counterdefendant admits the allegations in paragraph 10.

11. Responding to the allegations in paragraph 11, Counterdefendant asserts that the Consulting Services Agreement between Green Circle and Milagro speaks for itself and denies any characterization not consistent with the language of the agreement. Counterdefendant denies the remaining allegations in paragraph 11.

12. Responding to the allegations in paragraph 12, Counterdefendant asserts that the Consulting Services Agreement between Green Circle and Milagro speaks for itself and denies any characterization not consistent with the language of the agreement. Counterdefendant denies the remaining allegations in paragraph 12.

**FinTech Signs a Separate Loan Agreement with Green Circle.**

13. Counterdefendant admits the allegations in paragraph 13.

14. Counterdefendant admits the allegations in paragraph 14.

15. Counterdefendant admits the allegations in paragraph 15.

16. Counterdefendant denies the allegations in paragraph 16.

17. Responding to the allegations in paragraph 17, Counterdefendant admits that the loan agreement between Green Circle and Oak Tree is listed as a "Material Contract" in Schedule 8.14 to the Loan and Security Agreement. Counterdefendant denies the remaining allegations in paragraph 17.

18. Responding to the allegations in paragraph 18, Counterdefendant admits that Milagro Consulting is listed as a "Program Vendor" in Schedule 8.15 to the Loan and Security Agreement. Counterdefendant denies the remaining allegations in paragraph 18.

**Milagro and Oak Tree Are Paid Using a Separate Operating Account.**

19. Responding to the allegations in paragraph 19, Counterdefendant admits that Green Circle paid Oak Tree and Milagro from an operating account at BMO Harris bank. Counterdefendant denies the remaining allegations in paragraph 19.

20. Counterdefendant admits the allegations in paragraph 20.

21. Responding to the allegations in paragraph 21, Counterdefendant admits that Mr. Primus was controller for Green Circle. Counterdefendant denies the remaining allegations in paragraph 21.

22. Responding to the allegations in paragraph 22, Counterdefendant admits that Mr. Primus was a partner and chief credit officer for Princeton awhile he was controller for Green Circle, and remains a partner and chief credit officer of Princeton today. Counterdefendant denies the remaining allegations in paragraph 22.

23. Responding to the allegations in paragraph 23, Counterdefendant admits that Mr. Primus acted at the direction of Mr. Harbour and based on the false information provided to him by Mr. Harbour. Counterdefendant denies the remaining allegations in paragraph 23.

24. Responding to the allegations in paragraph 24, Counterdefendant admits that monies from FinTech were housed in a separate account at BMO from operating funds. Counterdefendant lacks information sufficient to admit or deny the remaining allegations in paragraph 24.

25. Counterdefendant denies the allegations in paragraph 25.

26. Responding to the allegations in paragraph 26, Counterdefendant admits that Mr. Primus acted at the direction of Mr. Harbour and based on the false information provided to him by Mr. Harbour. Counterdefendant denies the remaining allegations in paragraph 26.

**Oak Tree, Green Circle, and FinTech Enter into a Subordination Agreement.**

27. Counterdefendant denies the allegations in paragraph 27.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

28. Responding to the allegations in paragraph 28, Counterdefendant admits that Oak Tree agreed to subordinate its interest in certain collateral to FinTech. Counterdefendant further asserts that the 2015 Amended and Restated Subordination Agreement speaks for itself and denies any characterization not consistent with the language of the agreement.

29. Counterdefendant admits the allegations in paragraph 29.

30. Responding to the allegations in paragraph 30, Counterdefendant denies that the Amended and Restated Subordination Agreement provided for continued payments to any other entity. Counterdefendant denies the remaining allegations in paragraph 30.

**Princeton Seizes the Green Circle Collateral and Assets.**

31. Counterdefendant admits that it has foreclosed Green Circle's assets after Green Circle's default under the Loan Agreement with Green Circle. Counterdefendant denies the remaining allegations in paragraph 31.

32. Counterdefendant admits the allegations in paragraph 32.

33. Counterdefendant admits the allegations in paragraph 33.

34. Counterdefendant denies the allegations in paragraph 34.

35. Counterdefendant denies the allegations in paragraph 35.

36. Counterdefendant denies the allegations in paragraph 36.

37. Counterdefendant denies the allegations in paragraph 37.

38. Counterdefendant denies the allegations in paragraph 38.

39. Counterdefendant denies the allegations in paragraph 39.

40. Counterdefendant denies the allegations in paragraph 40.

41. Counterdefendant denies the allegations in paragraph 41.

42. Responding to the allegations in paragraph 42, Counterdefendant asserts that the Amended and Restated Subordination Agreement speaks for itself and denies any characterization not consistent with the language of the agreement.

43. Counterdefendant denies the allegations in paragraph 43.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

44. Counterdefendant denies the allegations in paragraph 44.

## **COUNTERCLAIM I**
### **(Breach of Contract)**

45. Counterdefendant incorporates by reference the foregoing paragraphs of this Reply.

46. Counterdefendant admits the allegations in paragraph 46.

47. Counterdefendant denies the allegations in paragraph 47.

48. Counterdefendant denies the allegations in paragraph 48.

49. Counterdefendant denies the allegations in paragraph 49.

50. Counterdefendant denies the allegations in paragraph 50.

51. Counterdefendant denies the allegations in paragraph 51.

## **COUNTERCLAIM II**
### **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

52. Counterdefendant incorporates by reference the foregoing paragraphs of this Reply.

53. Paragraph 53 asserts a legal conclusion to which no response is required. On that basis, Counterdefendant neither admits nor denies the allegations in paragraph 53.

54. Paragraph 54 asserts a legal conclusion to which no response is required. On that basis, Counterdefendant neither admits nor denies the allegations in paragraph 54.

55. Responding to the allegations in paragraph 63, Counterdefendant admits that FinTech and Oak Tree were parties to the Amended and Restated Subordination Agreement. Paragraph 55 further asserts a legal conclusion to which no response is required. On that basis, Counterdefendant neither admits nor denies the remaining allegations in paragraph 55.

56. Counterdefendant denies the allegations in paragraph 56.

57. Counterdefendant denies the allegations in paragraph 57.

58. Counterdefendant denies the allegations in paragraph 58.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

59. Counterdefendant denies the allegations in paragraph 59.

## COUNTERCLAIM III
### (Tortious Interference with Contract)

60. Counterdefendant incorporates by reference the foregoing paragraphs of this Reply.

61. Counterdefendant admits the allegations in paragraph 61.

62. Counterdefendant denies the allegations in paragraph 62.

63. Counterdefendant denies the allegations in paragraph 63.

64. Responding to the allegations in paragraph 64, Counterdefendant admits that it issued a default notice to Green Circle in September 2016. Counterdefendant further asserts that, based on Green Circle's default under the Loan Agreement, Green Circle voluntarily surrendered its collateral and other remaining assets to Counterdefendant. Counterdefendant denies the remaining allegations in paragraph 64.

65. Counterdefendant denies the allegations in paragraph 65.

66. Counterdefendant denies the allegations in paragraph 66.

67. Counterdefendant denies the allegations in paragraph 67.

## COUNTERCLAIM IV
### (Unjust Enrichment)

68. Counterdefendant incorporates by reference the foregoing paragraphs of this Reply.

69. Counterdefendant denies the allegations in paragraph 69.

70. Counterdefendant denies the allegations in paragraph 70.

71. Counterdefendant denies the allegations in paragraph 71.

72. Counterdefendant denies the allegations in paragraph 72.

73. Counterdefendant denies the allegations in paragraph 73.

74. Counterdefendant denies the allegations in paragraph 74.

## COUNTERCLAIM V
### (Accounting)

75. Counterdefendant incorporates by reference the foregoing paragraphs of this Reply.

76. Counterdefendant denies the allegations in paragraph 76.

77. Counterdefendant denies the allegations in paragraph 77.

78. The allegations in paragraph 86 are unintelligible and thus Counterdefendant lacks information sufficient to admit or deny the allegations in paragraph 78.

79. Counterdefendant lacks information sufficient to admit or deny the allegations in paragraph 79.

80. Counterdefendant denies the allegations in paragraph 80.

81. Counterdefendant denies the allegations in paragraph 81.

82. Counterdefendant denies every allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

83. The Counterclaim fails to state a claim upon which relief can be granted.

84. Counterclaimants' claims are barred, in whole or in part, by the doctrine of unclean hands.

85. Counterclaimants' claims are barred by a lack of privity between Counterclaimants and Counterdefendant.

86. Counterdefendant reserves the right to amend this Reply at a later time to assert any matter constituting an avoidance or affirmative defense, including, without limitation, those matters set forth in Fed. R. Civ. P. 8(c).

## JURY DEMAND

87. To the extent the Counterclaim is triable by jury, Counterdefendant requests trial by jury on the Counterclaim. Counterdefendant has previously requested trial by jury on the claims alleged in its Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully replied to the Counterclaim, Counterdefendant respectfully requests that the Court enter judgment in favor of Counterdefendant and against Counterclaimants as follows:

A. Dismissing the Counterclaim with prejudice and ordering that Counterclaimants take nothing thereby;

B. Awarding Counterdefendant its reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01, and any other applicable authority;

C. Awarding Counterdefendant prejudgment and post-judgment interest at the maximum allowable rate;

D. Awarding Counterdefendant such other and further relief as the Court deems just and proper.

DATED this 17th day of January, 2018.

                KERCSMAR & FELTUS PLLC

                By: *s/ Sean J. O'Hara*
                    Geoffrey S. Kercsmar
                    Sean J. O'Hara
                    Zachary R. Fort
                    7150 East Camelback Road, Suite 285
                    Scottsdale, Arizona 85251
                    *Attorneys for Counterdefendant*

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

## **CERTIFICATE OF SERVICE**

I certify that on January 17, 2018, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Alan S. Baskin
Peter Silverman
**Baskin Richards PLC**
2901 North Central Avenue, Suite 1150
Phoenix, Arizona 85012
alan@baskinrichards.com
psilverman@baskinrichards.com
*Attorneys for Defendants*

Derek J. Baker
**Reed Smith LLP – Philadelphia PA**
1717 Arch Street, Suite 3100
Philadelphia, Pennsylvania 19103-7301
dbaker@reedsmith.com
*Pro Hac Vice Attorneys for Plaintiff*

*s/ Kelli Dunlap*