Geoffrey S. Kercsmar (#020528)
Sean J. O'Hara (#024749)
Zachary R. Fort (#031643)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gsk@kflawaz.com
sjo@kflawaz.com
zrf@kflawaz.com

Derek J. Baker (Pro Hac Vice)
REED SMITH LLP – PHILADELPHIA PA
1717 Arch Street, Suite 3100
Philadelphia, Pennsylvania 19103-7301
Telephone: (215) 851-8148
Facsimile: (215) 851-1420
dbaker@reedsmith.com

Attorneys for Plaintiff/Counterdefendant FRS GC Corp.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRS GC Corp., a Delaware corporation,<br><br>    Counterdefendant,<br><br>v.<br><br>Oak Tree Management LLC, a Wyoming limited liability company; Milagro Consulting LLC, a Wyoming limited liability company; and David Harbour and Abby Harbour, a married couple,<br><br>    Defendants. | Case No. 2:17-cv-02348-DGC<br><br>**MOTION TO TRANSFER VENUE OF ACTION PURSUANT TO 28 U.S.C. § 1404 AND/OR 28 U.S.C. § 1412** |

1

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

| | |
|---|---|
| Oak Tree Management LLC, a Wyoming limited liability company; Milagro Consulting LLC, a Wyoming limited liability company; and David Harbour and Abby Harbour, a married couple, | |
| Counterclaimants, | |
| v. | |
| FRS GC Corp., a Delaware corporation, | |
| Counterdefendant. | |

Plaintiff FRS GC Corp. moves to transfer venue of the above-captioned action to the United States Bankruptcy Court for the District of New Jersey, where the bankruptcy case of Plaintiff's ultimate corporate parent is being administered. This motion is supported by the accompanying Declaration of Jack Cook, attached as Ex. 1. A proposed form of order is submitted with this motion.

### I.    Introduction

This action should be transferred to the District of New Jersey because it is related to the bankruptcy case of Princeton Alternative Income Fund, LP ("PAIF") currently pending in the United States Bankruptcy Court for the District of New Jersey (the "New Jersey Bankruptcy Court") under Lead Case No. 18-14603 (MBK) (the "Bankruptcy Case").

As demonstrated below, this action "could conceivably have an effect" on the PAIF bankruptcy estate, and therefore, the New Jersey Bankruptcy Court has "related to" jurisdiction over this action under 28 U.S.C. § 1334(b). *See In re Harris*, 590 F.3d 730, 737 (9th Cir. 2009); *In re Marshall*, 600 F.3d 1037, 1054 (9th Cir. 2010); *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting "related to" test of *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)). Accordingly, it should be transferred to the New Jersey Bankruptcy Court.

### II.    Background

As set forth in the Complaint in this matter, on or about June 19, 2015, FinTech Financial LLC ("FinTech"), Plaintiff's predecessor-in-interest, established a traditional

2

line of credit in favor of Green Circle. The financing terms were memorialized by that certain Loan and Security Agreement and related documents (collectively, the "Loan Documents"). Green Circle was expressly required by the Loan Documents to utilize the credit line to make consumer loans. Cook Dec. ¶ 3 & Ex. A. Shortly after FinTech established the line of credit to Green Circle, FinTech assigned all of its right, title and interest under the Loan Documents to PAIF. Plaintiff is an indirect assignee of PAIF's interest in the Loan Documents. *See* Complaint ¶¶ 48-52; Cook Dec. ¶ 4.

David Harbour had a position of control and trust within Green Circle that empowered him, through Oak Tree and Milagro, to take significant financial actions to the detriment of Plaintiff. Harbour exploited his influential position within these companies to cause Green Circle to illicitly divert loan proceeds advanced by PAIF from their intended purpose (*i.e.*, making consumer loans) and to transfer the funds to companies that Harbour controlled, including Oak Tree Management LLC ("Oak Tree") and Milagro Consulting LLC ("Milagro") and otherwise, all for Harbour's benefit. Cook Dec. ¶ 5. Accordingly, on or about July 7, 2017, Plaintiff commenced the above-captioned action (the "Arizona Action") in this Court against defendants Oak Tree, Milagro, David Harbour and Abby Harbour, seeking money damages as a result of Defendants' breaches and tortious actions stemming from Defendants' improper misappropriation of loan proceeds, all of which wrongful actions are directly related to the Loan Documents. Cook Dec. ¶ 6.

On March 9, 2018, PAIF filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the New Jersey Bankruptcy Court. *Id.* ¶ 7. PAIF is the sole member of FRS GC, LLC, which owns 100% of the stock of Plaintiff. PAIF is the ultimate parent of the Plaintiff. PAIF is funding all of the expenses, including but not limited to legal fees, incurred by Plaintiff in the Arizona Action. *Id.* ¶ 8. All funds recovered in this litigation will inure to the benefit of PAIF. *Id.* Conversely, any recovery awarded to Defendants on their counterclaim would deplete an asset of PAIF. *See id.*

**III. Venue should be transferred to the District of New Jersey.**

The Arizona Action should be transferred to the United States District Court for the District of New Jersey, because it is related to the Bankruptcy Case pending there and such transfer is in the interests of justice.

The Arizona Action is related to the Bankruptcy Case because PAIF, as the ultimate owner of Plaintiff, would be the beneficiary of any recovery by Plaintiff against Defendants in the Arizona Action, making any such recovery part of PAIF's bankruptcy estate. Meanwhile, Defendants' counterclaims seek recovery against an asset of PAIF's bankruptcy estate. Further, PAIF pays the expenses, including but not limited to legal fees, incurred by Plaintiff as a result of the Arizona Action. Cook Dec. ¶ 8.

The Loan Agreement, from which the Arizona Action arises, states that the parties thereto "irrevocably consent and submit to … the jurisdiction of …the United States District Court for the District of New Jersey, Mercer County Vicinage … and waive any objection based on venue or *forum non conveniens* with respect to any action instituted therein arising under this Agreement … whether in contract, tort, equity or otherwise, and agree that any dispute with respect to any such matters shall be heard only in the courts described above . . . ."[1] *Id.* ¶ 9.

Admittedly, there is a split of authority on the issue of whether change of venue for an action "related to" a bankruptcy case is governed by 28 U.S.C. §1404 or 28 U.S.C. §1412. *See Doss v. Chrysler Group LLC*, No. CV-09-02130-PHX-DGC, 2009 WL 4730932, at *5 (D. Ariz. Dec. 7, 2009) (citing *Dunlap v. Friedman's, Inc.*, 331 B.R. 674, 677 (S.D.W. Va. 2005)); *see also The City of Liberal, Kansas v. Trailmobile Corp.*, 316 B.R. 358, 361-62 (D. Kan. 2004) (citing eleven cases holding that § 1412 governs

---

[1] While Defendants are not signatories to the Loan Agreement, there can be no question that the Arizona Action arises out of and is related to the Loan Agreement. On August 7, 2015, FinTech, Green Circle and Oak Tree entered into an Amended and Restated Subordination Agreement ("Subordination Agreement") to induce Green Circle to make further loans to Oak Tree, and the Subordination Agreement expressly references the Loan Agreement as having been the initial vehicle that allowed Green Circle to make loans by way of a line of credit. *See* Complaint ¶¶ 42-47.

transfer of cases "related to" bankruptcy proceedings and ten cases holding that it does not).

The Ninth Circuit has not addressed this split of authority. However, the leading bankruptcy treatise states that "[s]ection 1412 of title 28 applies to changes of venue both of (a) cases under title 11 and (b) civil proceedings arising under title 11, or arising in or *related to* cases under title 11," and further declares that limiting § 1412 to only core proceedings is a "dubious" result that "finds no support in the statute." 1 *Collier on Bankruptcy* ¶ 4.05 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010) (emphasis added).

The majority of district courts around the country apply 28 U.S.C. §1412 to motions to transfer actions related to cases under title 11. *See Brown v. Fargo*, 463 B.R. 332, 337-338 (D.N.C. 2011); *Reid-Ashman Manufacturing, Inc., v. Swanson Semiconductor Service, L.L.C.*, Case No. C-06-04693, 2008 WL 425638, at *1 (N.D. Cal. Feb. 14, 2008). *See also* Fed. R. Bankr. P. Rule 7087 ("On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. §1412.").

Likewise, district courts in the Ninth Circuit routinely apply 28 U.S.C. § 1412 to motions seeking transfer of an action related to a bankruptcy proceeding. *See Hacienda Heating & Cooling, Inc. v. United Artists Theatre Circuit, Inc.*, Case No. CIV 08-0502-PHX (DKD), 2009 WL 8238063 (D. Ariz. Mar. 31, 2009); *Hoyt v. Aerus Holdings, L.L.C.*, 447 B.R. 283, 290 (Bankr. D. Ariz. 2011); *In Re Aledo Financial Services, Inc.*, 63 B.R. 696, 697 (Bankr. D. Ariz. 1986); *Tulacro v. Chrysler Group, LLC*, Case No. SACV 10-01956, 2011 WL 13227751 (C.D. Cal. Feb. 2, 2011); *Wolff v. Chrysler Group, LLC*, EDCV 10-34 (DTB), 2010 WL 11515256 (C.D. Cal. Feb. 22, 2010); *Jackson v. Fenway Partners*, Case No. C 13-00005 (JSW), 2014 WL 1411223 (N.D. Cal. April 8, 2014); *Reid-Ashman Mfg, Inc.*, 2008 WL 425638 at *1.

There is a "strong presumption that a proceeding related to a bankruptcy case should be heard in the district where the bankruptcy case is pending." *Meritage Homes*

*Corp. v. J.P. Morgan Chase Bank, N.A.*, 474 B.R. 526, 569-570 (Bankr. S.D. Ohio 2012). *See also Quesenberry v. Chrysler Group, LLC*, Civil No: 12-48-ART, 2012 WL 3109431, at *4 (D. Ky July 31, 2012); *McGillis/Eckman Investments-Billings, LLC v. Sportsman's Warehouse, Inc.*, CV 10-26-BLG-RFC-CSO, 2010 WL 3123266, at *6 (D. Mont. June 30, 2010); *Dunlap v. Friedman's, Inc.*, 331 B.R. 674, 678 (S.D. W. Va. 2005); *In re Vital Link Lodi, Inc.*, 240 B.R. 15, 19 (W.D. Mo. 1999).

In any event, regardless of which statute is applied, venue of the Arizona Action should be transferred to the District of New Jersey. The only substantive difference between the factors under 28 U.S.C. § 1404(a) and 28 U.S.C. § 1412 is that the former limits transfer to districts where the action "might have been brought." Because the Arizona Action is "related to" the Bankruptcy Case, the Arizona Action could have been brought in the District of New Jersey pursuant to 28 U.S.C. §1409(a). Also, as noted, the Loan Documents provide that the parties to that agreement have irrevocably consented to jurisdiction of the United States District Court for the District of New Jersey. *See Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) ("A forum or venue selection clause is *prima facie* valid and enforceable, and the party challenging the clause bears an especially heavy burden of proof.") (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10-18 (1972)).

The remainder of the analysis under the two statutes is virtually the same. Transfer is appropriate if it is in the interests of justice and the convenience of the parties and witnesses, with a "strong presumption" under 28 U.S.C. § 1412 "in favor of placing venue where the bankruptcy case is pending." *In re Vita Link Lodi, Inc.*, 240 B.R. at 19. The factors to be considered when deciding whether to transfer a case in the interest of justice include "the economics of estate administration, the presumption in favor of the 'home court,' judicial efficiency, the ability to receive a fair trial, the state's interest in having local controversies decided within its borders by those familiar with its laws, the enforceability of the judgment, and plaintiff's original choice of forum." *SenoRx, Inc. v. Coudert Bros., LLP*, No. C-07-1075 SC, 2007 U.S. Dist. LEXIS 66065, at *1 (N.D. Cal.

Aug. 27, 2007). "The 'home court' is the bankruptcy court in which the debtor's case is pending, and is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." Id. The most important consideration is whether the transfer would promote the economic and efficient administration of the estate. *Id.* (citing *In re Lionel Corp.*, 24 B.R. 141, 143 (Bankr. S.D.N.Y. 1982)).

Here, the factors weigh heavily in favor of transfer:

- The Bankruptcy Case is pending in the District of New Jersey.
- The Arizona Action is not so far advanced in its proceedings that its transfer should be prohibited. The Arizona Action is currently in discovery, which can readily be completed in the District of New Jersey.
- Notwithstanding that this action was filed in Arizona, PAIF's bankruptcy filing makes the District of New Jersey a more appropriate forum.
- The parties would receive a fair trial in the District of New Jersey.
- Any judgment rendered by the District of New Jersey would be enforceable against Defendants.
- While Arizona courts have an interest in having local controversies decided in Arizona and those familiar with its laws, the dispute here is between a Delaware corporation with its principal place of business located in Princeton, New Jersey, the sole shareholder of which is an entity with a principal place of business in Princeton, New Jersey, two Wyoming limited liability companies, and two residents of Arizona. Accordingly only two of the five parties to the Arizona Action are Arizona residents.

The most important consideration—whether transfer would promote the economic and efficient administration of the estate—clearly weighs in favor of transfer because any recovery by Plaintiff would be for the benefit of PAIF's bankruptcy estate, which is the subject of the Bankruptcy Case.
7

Other factors, such as the location of the evidence and witnesses, also weigh in favor of transfer. Much of the evidence and most of the witnesses will be located in or near New Jersey. Cook Dec. ¶ 10.

## IV. Conclusion

Given the "strong presumption" under 28 U.S.C. § 1412 in favor of placing venue where the related bankruptcy case is pending, and other relevant factors, transfer of the Arizona Action to the District of New Jersey is in the interests of justice. Accordingly, Plaintiff respectfully requests that this Court enter the accompanying proposed order and transfer the Arizona Action to the District of New Jersey.

DATED this 10th day of April, 2018.

KERCSMAR & FELTUS PLLC

By: *s/ Sean J. O'Hara*
Geoffrey S. Kercsmar
Sean J. O'Hara
Zachary R. Fort
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
*Attorneys for Counterdefendant*

## **CERTIFICATE OF SERVICE**

I certify that on April 10, 2018, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Alan S. Baskin
Peter Silverman
**Baskin Richards PLC**
2901 North Central Avenue, Suite 1150
Phoenix, Arizona 85012
alan@baskinrichards.com
psilverman@baskinrichards.com
*Attorneys for Defendants*

Derek J. Baker
**Reed Smith LLP – Philadelphia PA**
1717 Arch Street, Suite 3100
Philadelphia, Pennsylvania 19103-7301
dbaker@reedsmith.com
*Pro Hac Vice Attorneys for Plaintiff*


 *s/ Marina Gonzales*