**BASKIN RICHARDS PLC**
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone No. 602-812-7979
Facsímile 602-595-7800
E-mail: alan@baskinrichards.com
            psilverman@baskinrichards.com
Name and State Bar No.:    Alan S. Baskin #013155
                                         Peter A. Silverman #020679
*Attorneys for Defendants/Counterclaimants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRS GC Corp., a Delaware corporation, | Case No. **2:17-cv-02348-DGC** |
| Plaintiff, | **DEFENDANTS/ COUNTERCLAIMANTS' RESPONSE TO MOTION TO TRANSFER VENUE OF ACTION PURSUANT TO 28 U.S.C. § 1404 AND/OR 28 U.S.C. § 1412** |
| vs. | |
| Oak Tree Management LLC, a Wyoming limited liability company, Milagro Consulting LLC, a Wyoming limited liability company; and David Harbour and Abby Harbour, a married couple, | |
| Defendants. | |
| Oak Tree Management LLC, a Wyoming limited liability company; Milagro Consulting LLC, a Wyoming limited liability company; and David Harbour and Abby Harbour, a married couple, | |
| Counterclaimants, | |
| v. | |
| FRS GC Corp., a Delaware corporation, | |
| Counterdefendant. | |

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

## I.     Introduction.

Defendants/Counterclaimants Oak Tree Management LLC, Milagro Consulting LLC, David Harbour and Abby Harbour (the "Defendants") oppose Plaintiff's Motion to Transfer Venue of Action Pursuant to 28 U.S.C. §§ 1404 or 1412 (the "Motion to Transfer").[1] Plaintiff cannot meet the required showing under either 28 U.S.C. §§ 1404 or 1412, as this action bringing Arizona common-law and statutory claims against Arizona citizens could not have originally been brought in the District of New Jersey and neither the interests of justice nor the convenience to the parties or witnesses favor transfer.  Plaintiff's arguments are so strained that it seeks to support its motion by relying on a choice of forum provision in a contract to which none of the Defendants were parties.

The Motion to Transfer should also fail because it seeks to continue to delay responses to pending discovery and prevent this Court from deciding the motion to dismiss under 28 U.S.C. § 1359 that the Plaintiff knows Defendants will be able to bring once the initial discovery is done.  That motion will establish that Plaintiff was created and then assigned the claims herein to collusively invoke this Court's diversity-based subject matter jurisdiction after Judge Teilborg's inquiries in an earlier suit by Plaintiff's assignor threatened to expose diversity deficiencies in the assignor.

Since the collateral bankruptcy filing that purportedly motivates the Motion to Transfer, Plaintiff has effectively paused and refused to participate in discovery, knowing that compliance with the Defendants' pending discovery demands will expose the collusion and diversity defects that will support Defendants' motion to dismiss for lack of subject matter jurisdiction. Now, by this Motion to Transfer, Plaintiff seeks to foreclose any consideration by

---

[1]  The Motion to Transfer uses the New Jersey District and Bankruptcy Courts interchangeably, but properly submits an order for transfer to the District Court, which is consistent with the plain meaning of 28 U.S.C. § § 1404 and 1412.  *Tultex Corp. v. Freeze Kids, L.L.C.*, 252 B.R. 32, 36-37 (S.D.N.Y. 2000) ("it is well-settled that Article III prohibits bankruptcy courts from adjudicating pre-petition contract claims – that is, claims arising prior to the commencement of the debtor's bankruptcy") (discussing *Northern Pipeline Const. Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 69-70 (1982)).

this Court of the jurisdictional defects.    Defendants ask the Court to deny the Motion to Transfer, amend the Case Management Order to allow for the speedy resolution of the jurisdictional issue, and issue any other orders consistent with the Court's duty to inquire into its jurisdiction.

## II.    Background.

Plaintiff's claims arise from the business relationship between non-parties FinTech Financial LLC (FinTech), and Green Circle.    The Plaintiff corporation never had any relationship with Defendants.  It is just the ultimate assignee of both FinTech's and Green Circle's purported claims against Defendants.

More specifically, Green Circle entered into a Revolving Credit Promissory Note (the "Promissory Note") with Defendant Oak Tree on August 1, 2014, which gave Green Circle a line of credit of up to $10 million.  [*See* "Exhibit A" to Complaint, Dkt 1.] (hereinafter [Complaint, at ¶ __.]).  Under the terms of a later January 8, 2015 agreement, Defendant Milagro provided financial strategy and consulting services to Green Circle, as well as banking referral services.  [*See* "Exhibit B" to Complaint.]

FinTech was not part of Green Circle's agreements with Defendants Oak Tree or Milagro.  Instead, on or about June 19, 2015, it entered into a separate Loan and Security Agreement (the "Loan and Security Agreement") with Green Circle.  [*See* "Exhibit C" to Complaint.] No Defendant was a party to the Green Circle-FinTech agreement.

However, on or about August 7, 2015, FinTech, Green Circle and Defendant Oak Tree entered into an Amended and Restated Subordination Agreement (the "Subordination Agreement").  [*See* "Exhibit D" to Complaint.] The Subordination Agreement was the only agreement that any Defendant and FinTech were both parties to.  The Complaint alleges that Defendants violated the Subordination Agreement.  Defendants have counterclaimed, alleging that Plaintiff (through its predecessors in interest) breached the Subordination Agreement.

### A.    The Assignments.

Plaintiff FRS GC Corp. was not a party to any of the underlying agreements.  Plaintiff

3

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

was formed only to file this lawsuit and is the last of a litany of assignees to Fintech's purported claims:

1. On June 24, 2015, Fintech assigned all of its rights, title, and interest in the Loan Agreement to Princeton Alternative Income Fund ("PAIF").

2. On September 29, 2016, PAIF assigned all of its rights, title, and interest in the Loan Agreement to Fund Recovery Services LLC.

3. On December 1, 2016, Green Circle granted Fund Recovery Services LLC its security interest and a lien on commercial tort claims.

4. On December 1, 2016, Fund Recovery Services LLC assigned all of its rights, title, and interest in the Loan Agreement and Green Circle's purported commercial tort claims against to an entity called FRS GC LLC.

5. On June 16, 2017, FRS GC LLC assigned all of its rights, title, and interest in the Loan Agreement and Green Circle's commercial tort claims to Plaintiff FRS GC Corp.

[Complaint, at ¶¶ 48-52.]   It is this last assignment that should cause the Court the most concern, as it was made in a collusive effort to artificially create diversity jurisdiction over the purported FinTech and Green Circle claims against Defendants.

**B.      The FRS GC LLC Action and Judge Teilborg's Inquiries.**

The creation of the Plaintiff corporation and assignment of the claims alleged by Plaintiff from FRS GC LLC to Plaintiff stem from a series of inquiries about diversity jurisdiction from Judge Teilborg in a virtually identical case FRS GC LLC filed against Defendants in this district on April 20, 2017.  [April 20, 2017 Complaint in *FRS GC LLC V. Oak Tree Management LLC, et al*; Exhibit 1 hereto.]   FRS GC LLC had no satisfactory answers to those inquiries.  Rather than accepting an ultimate adverse finding on jurisdiction, FRS GC LLC voluntarily dismissed the same claims brought here on June 14, 2017.

The dismissal was preceded by a June 1, 2017 order from Judge Teilborg which began, "Inquiring whether the court has jurisdiction is a federal judge's duty in every case."  [June 1,

2017 Order; Exhibit 2 hereto.] (citations omitted).  Because three of the parties, including FRS GC LLC, were LLCs, which are citizens of every state of which any member is a citizen, Judge Teilborg directed the then-plaintiff to file a supplement to the complaint listing the "names and citizenship of every member of each [LLC]" or he would dismiss the case for lack of federal subject matter jurisdiction.  [*Id.* at 1-2.]

On June 9, 2017, Plaintiff filed a supplement, which Judge Teilborg found inadequate. [June 9, 2017 Supplement to Complaint; Exhibit 3 hereto.]  He ordered FRS GC LLC to file another supplement by June 14, 2017, or the Court would dismiss for lack of subject matter jurisdiction.   [June 12, 2017 Order; Exhibit 4 hereto.]   FRS GC LLC filed no further supplement.  Rather, on June 14, 2017, FRS GC LLC filed a Rule 41(a) notice of dismissal. [Notice of Dismissal; Exhibit 5 hereto.]  The very next day the current Plaintiff, FRS GC Corp, was incorporated, though its sole shareholder is FRS GC LLC, the former plaintiff. [FRS GC Corp. Entity Details, Delaware Division of Corporations; Exhibit 6 hereto.]

## C.  The Formation of FRS GC Corp. and Assignment of FRS GC LLC's Claim.

Just two days after FRS GC LLC's notice of dismissal, and one day after the current Plaintiff was formed, FRS GC LLC assigned its purported claims against the Defendants to the current Plaintiff.  [Assignment from FRS GC LLC to FRS GC Corp. dated June 16, 2017; Exhibit 7 hereto.] Plaintiff filed this lawsuit just one month later, on July 17, 2017.

According to the Motion for Transfer, the current Plaintiff and the former plaintiff, FRS GC LLC, share the same ultimate parent corporation, PAIF, which is the sole member of FRS GC, LLC, which in turn owns 100% of the stock in Plaintiff.  The Motion for Transfer also concedes that PAIF is funding all of Plaintiff's attorneys' fees.  Any recovery by Plaintiff will inure entirely to PAIF's benefit, and any recovery by Defendants would deplete PAIF's assets.  [Motion to Transfer, at p.2 ll. 21-27.]   PAIF, FRS GC LLC and the current Plaintiff are apparently one in the same, with current Plaintiff FRS GC Corp. formed to claim that there is sufficient diversity to support subject matter jurisdiction in this action.  But Plaintiff

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

5

refuses to provide the discovery providing conclusive proof of these facts.

### D.   Plaintiff Stalls and Then Unilaterally Stays Defendants' Attempts to Obtain Discovery Related to the Collusion Issue.

Defendants crafted a series of discovery requests designed to investigate the formation of Plaintiff and collusive invocation of this Court's jurisdiction, with a view towards filing a Motion to Dismiss pursuant to 28 U.S.C 1359.   Defendants served two Requests for Production of Documents (RFPs), along with subpoenas for the following entities and individuals for whom Plaintiff was authorized to accept service; FRS GC LLC, Green Circle, LIP Consulting and Alonzo Primus.   [April 20, 2018 Declaration of Alan Baskin; Exhibit 8 hereto.]   Defendants also told Plaintiff that they wanted to notice 30(b)(6) depositions of Plaintiff and FRS GC LLC, and emailed draft notices to give Plaintiff an advance opportunity to object to any of the proposed subject areas.   *Id.*

Among other things, the discovery sought documents related to the assignments of purported claims against the Defendants, documents related to the formation and business activities of Plaintiff and FRS GC LLC, and Plaintiff's and FRS GC LLC's communications with each other, Fintech and Green Circle.   *Id.*   Defendants were fully transparent, telling Plaintiff that the express purpose of the requests was to explore the collusion issue.   *Id.* To date, Plaintiff has largely failed to respond to the discovery requests, having produced approximately twelve pages and referred Defendants to some documents it has otherwise produced.

On March 23, 2018, Plaintiff notified Defendants of the PAIF bankruptcy filing (which was on March 9, 2018), and then filed the Motion to Transfer on April 10, 2018.   In between March 23, 2018 and April 10, 2018, the date Plaintiff filed the Motion to Transfer, Plaintiff did not provide any further discovery responses, did not respond to Defendants' questions about the impact of the bankruptcy and status of discovery, and ignored Defendants' attempts to contact them.   Plaintiff's failure to comply with Defendants' discovery requests has continued after it filed the Motion to Transfer, as on April 16, 2018 Plaintiff's counsel

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

6

advised Defendants that it "did not have anything else to report, one way or the other.  If I had additional documents, you would already have them."   Plaintiff has effectively stalled discovery for a month, and likely longer, apparently in the hope that the Motion to Transfer will allow it to avoid the discovery that would doom its jurisdictional arguments.

**III.     This Court's Duty to Determine Subject Matter Jurisdiction is Ongoing.**

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."   *United State v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).  Because subject matter jurisdiction goes to the power of the court to hear a case, it is a "threshold issue." *Id.*   "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in every case.").

The Complaint alleges subject matter jurisdiction under 28 U.S.C. § 1332(a), which grants district courts original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." [Complaint at ¶ 22 (Dkt. 1).]  28 U.S.C. § 1332(a).  Under section 1359, the court "shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke jurisdiction."  28 U.S.C. § 1359.

"The federal anti-collusion statute is aimed at preventing parties from manufacturing diversity jurisdiction to inappropriately channel ordinary business litigation into the federal Courts." *Yokeno v. Mafnas*, 973 F.2d 803, 809 (9th Cir. 1992); *see also Dweck v. Japan CBM Corporation*, 877 F.2d 790, 792 (9th Cir. 1989).  When the question of a collusive assignment is raised, the party asserting jurisdiction has the burden of proving that the assignment was "legitimate and not pretextual." *Yokeno*, 973 F.2d at 810.   Diversity-creating assignments between parent companies and subsidiaries "are presumptively ineffective to create diversity jurisdiction."   *Dweck*, 877 F.2d at 792; *see also Nike, Inc. v. Comercial Iberica De Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994).

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

Under the heightened scrutiny that applies to assignments by business organizations to subsidiaries, simply articulating a business reason is insufficient.  *See Nike, Inc.*, 20 F.3d at 992 ("Simply showing a colorable or plausible business reason for the assignment will no longer suffice. 'The business reason must be sufficiently compelling that the assignment would have been made absent the purpose of gaining a federal forum.'") (quoting *Yokeno*, 973 F.2d at 811). The proffered business reason must be evaluated "in light of the totality of circumstances." *Yokeno*, 973 F.2d at 810.  Courts will consider factors such as the timing of the assignment, the purpose and underlying motivation of the assignment, whether sufficient consideration exchanged hands, whether the underlying motivation for the assignment involved a sufficiently compelling business interest, whether the assignor is financing the litigation, and whether the assignor disavowed continuing interest in the litigation.  *See id.*; *Dweck*, 877 F.2d at 793.

Even with Plaintiff's failure to provide meaningful discovery responses, the existing background facts indicate a presumptively collusive assignment under Title 28 U.S.C. § 1359. Fund Recovery Services assigned its purported claims to FRS GC LLC, then FRS GC LLC assigned its claims to Plaintiff when Judge Teilborg forced FRS GC LLC to come clean with the identities of its owners and their citizenship.[2]  All three of the entities are subsidiaries of PAIF.  The assignment to Plaintiff is presumptively collusive and ineffective to create diversity jurisdiction. *Dweck*, 877 F.2d at 792; *Nike, Inc.,* 20 F.3d at 991.

Also, the assignment between FRS GC LLC and Plaintiff identifies no actual consideration exchanged between the two related entities.  [Exhibit 7 hereto.]  And, Plaintiff admits in its motion to transfer that (1) "PAIF is the ultimate parent of the Plaintiff"; (2) "PAIF is funding all of the expenses, including but not limited to legal fees, incurred by

---

[2] This conduct is not new. On December 12, 2017, on the eve of trial in a case Fund Recovery Services filed in the Central District of California, the Court dismissed the matter *sua sponte* for lack of subject matter jurisdiction after determining that there was no diversity. [December 12, 2017 Order Sua Sponte Dismissing Action in CV 16-06954-SJO; Exhibit 9 hereto.]

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

Plaintiff in the Arizona Action"; (3) "All funds recovered in this litigation will inure to the benefit of PAIF"; and (4) "Conversely, any recovery awarded to Defendants on the counterclaim would deplete an asset of PAIF".  [Motion to Transfer, at 3-4.]  Given the totality of circumstances, this Court's subject matter jurisdiction is in serious doubt. This counsels strongly in favor of stopping any jurisdictional charade and not allowing it to be foisted onto a different district court.  The Court should instead require Plaintiff to complete its discovery responses and then entertain as quickly as possible the resulting motion to dismiss for lack of subject matter jurisdiction from the Defendants.

## IV.  Plaintiff Also Cannot Satisfy its Burden that Venue Should Be Transferred to New Jersey.

This is not a case where a defendant is attempting to deprive a plaintiff of its selected forum.  Plaintiff selected Arizona (twice), not New Jersey, to file suit against Defendants.  All of the Defendants are citizens of Arizona.  Plaintiff asserts claims under Arizona statute and Arizona common law.  Plaintiff also seeks attorneys' fees and costs pursuant to Arizona law. And, as Plaintiff has all but admitted, it was a party to a collusive assignment to manufacture subject matter jurisdiction in Arizona.  Yet Plaintiff (a Delaware corporation) now asserts that the interests of justice and convenience favor transferring venue of this action from Arizona to New Jersey because of a newly-filed and contested bankruptcy petition in that state to which the Plaintiff is not even a party.[3]

Plaintiff moves for transfer of venue under 28 U.S.C. § 1404 and 28 U.S.C. § 1412. Plaintiff is not entitled to relief under either statute.

### A.  Plaintiff Does Not Satisfy 28 U.S.C. § 1404.

Plaintiff does not satisfy the requirements for transferring venue under 28 U.S.C. § 1404, which allows for transfer for convenience of the parties and in the interest of justice, but only to a district where the action might have been originally brought.  *See Royal Queentex Enters. v. Sara Lee Corp.*, 2000 U.S. Dist. LEXIS 10139 *8, No. C 99-4787 MJJ (N.D. Cal.

---

[3] Creditors Ranger Specialty Income Fund, LP and Ranger Alternative Management II, LP have moved to dismiss PAIF's Chapter 11 case for cause.

Mar. 1, 2000) ("The transferee court must have had complete personal jurisdiction over defendants, subject matter jurisdiction over the claim and proper venue had the claim originally been brought in that court."); *Hoffman v. Blaski,* 363 U.S. 335, 343-44 (1960), *superseded in part by statute* as discussed in *Guzzetti v. Citrix Online Holdings GmbH*, 2013 U.S. Dist. LEXIS 514 *7-8, n.2, No. 12–01152 GMS (D. Del. Jan. 3, 2013) This Court must thus look to the "state of the world at the time of filing, rather than relying on hindsight knowledge of [Plaintiff's] forum preference." *Guzzetti*, 2013 U.S. Dist. LEXIS 514, at *7. *See also Howard v. CVS Caremark Corp.*, 2013 U.S. Dist. LEXIS *6-7, No. CV 13–04748 SJO (PJWx) (C.D. Cal. 2013). If Plaintiff can clear that hurdle, a court then considers whether the convenience of the parties, the convenience of the witnesses, and the interest of justice favor transferring venue to the requested forum. *See Royal Queentex Enters.*, 2000 U.S. Dist. LEXIS 10139, at *9. Plaintiff fails on all of these fronts.

### 1. Plaintiff Could Not Have Originally Filed Suit in New Jersey, as it Could Not Establish Personal Jurisdiction Over Defendants or Venue.

Plaintiff does not get past the threshold requirement of 28 U.S.C. § 1404 because it could not have originally brought its suit against Defendants in New Jersey. The New Jersey District Court could not exercise personal jurisdiction over Defendants, as Plaintiff has not alleged and cannot allege that Defendants (1) purposefully availed themselves of the privileges of conducting activities in the jurisdiction, or (2) purposefully directed their activities towards the jurisdiction, nor that (3) the exercise of jurisdiction comports with fair play and substantial justice. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The latter is an additional prerequisite even if prerequisites (1) or (2) above were met.

### a. Lack of Personal Jurisdiction Over Defendants

Plaintiff claims FinTech's rights under the Amended and Restated Subordination Agreement (the "Subordination Agreement"), to which only Oak Tree and no other Defendant

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

10

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

is a party.  Defendants David and Abby Harbour and Milagro had no contractual relationship with FinTech, which is a Delaware, not a New Jersey, LLC.  The Complaint fails to connect New Jersey to any of the relevant conduct, fails to include claims under New Jersey law, and fails to even suggest how a court in New Jersey would have jurisdiction over any of the Defendants.  Rather, the Complaint revolves around competing loans to an entity of the Oglala Sioux Indian tribe, which is located in South Dakota.  The Motion to Transfer ignores that Plaintiff is also an assignee of Green Circle's claims.  [Complaint at ¶¶ 50-52.]

To the extent Plaintiff asserts claims related to Green Circle's agreements with Defendants (*see* Counts 8-14), the connection to New Jersey is even more attenuated, as those claims involve a South Dakota entity's contact with Defendants.  The Complaint offers no justification or discussion of how these claims belong or could properly be heard in New Jersey.  Indeed, in the promissory note attached as Exhibit A to the Complaint, Green Circle agreed to a limited waiver of sovereignty and to be sued in the federal or tribal courts of South Dakota [*See* Complaint, Exhibit A, at ¶ 13(b).]   In Green Circle's consulting services agreement with Milagro, attached as Exhibit B to the Complaint, Green Circle and Milagro agreed that Arizona law controlled.  [*See* Complaint, Exhibit B, at ¶ 18.]

The Court should reject Plaintiff's attempt to invoke venue or jurisdiction premised on the FinTech-Green Circle agreement, as none of the Defendants were parties.  [Motion to Transfer, at 4.]  The Subordination Agreement governs (and only as to Oak Tree), but it has no forum selection or choice of law provision, and never mentions New Jersey.  Even if FinTech is considered a resident of New Jersey, "[a]n out-of-state party does not purposefully avail itself of a forum merely by entering into a contract with a forum resident." *HK China Group, Inc. v. Beijing United Auto. & Motorcycle Mfg. Corp.*, 417 Fed.Appx. 664, 666 (9th Cir. 2011).

**b.**    **Lack of Venue**

Plaintiff also could not satisfy the venue requirements for moving a suit to New Jersey.  Under 28 U.S.C. § 1351, "[a] civil action may be brought in—(1) a judicial district in which

any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Defendants are citizens of Arizona, not New Jersey, and the Complaint does not allege that any portion of the events or omissions at issue occurred in New Jersey, or that a substantial part of the property at issue in the dispute is situated in New Jersey.  Last, not only has Plaintiff alleged that Arizona, not New Jersey, is the proper venue, Plaintiff alleges no facts suggesting that Defendants are subject to the jurisdiction of New Jersey courts, as outlined above.  Plaintiff cannot carry its burden to satisfy the threshold requirement for change of venue under 28 U.S.C. § 1404.

## 2.   Interests of Justice and Convenience of Parties and Witnesses Also Dictate that Venue Should Remain in Arizona.

Under § 1404, "the transfer must be for the convenience of the parties and witnesses and in the interests of justice."  *Royal Queentex Enters.*, 2000 U.S. Dist. LEXIS 10139, at *7. This requires "an 'individualized, case-by-case consideration of convenience and fairness.'" *Consumer Fin. Prot. Bureau v. Think Fin., LLC*, 2018 U.S Dist. LEXIS 19480 *9, No. CV-17-127-GF-BMM (D. Mont. Feb. 6, 2018) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  For its motion to change venue, it is Plaintiff's burden to establish that New Jersey is the more appropriate forum.  *See Jones*, 211 F.3d at 499.

Also, "[c]ourts hold plaintiffs to a different standard than defendants who move for transfer[,]" and "generally agree that a plaintiff must first show that there has been a change of circumstances since the suit was filed[.]" *Reyes v. Schuttenberg*, 2013 U.S. Dist. LEXIS 115006 *7-8, NO. 13-00028 JMS-BMK (D. Haw. Aug. 14, 2013); *cf Am. Home Assurance*

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

12

*Co. v. Glovegold Ltd.* 153 F.R.D. 695, 700 (M.D. Fl. 1994). While the PAIF bankruptcy may qualify as a change of circumstances, it still does not warrant transfer. *Moto Photo v. K.J. Broadhurst Enters.,* 2003 U.S. Dist. LEXIS 1955 *10, *16, NO. 3-01-CV-2282-L (N.D. Tex. Feb. 11, 2003) (subsequent bankruptcy filing by Plaintiff constituted change of circumstances, but court denied motion to transfer after analyzing convenience factors).

The convenience factors used in weighing transfer of venue under § 1404 include (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law; (6) any local interest in the controversy, (7) feasibility of consolidation with other claims, and (8) the relative court congestion at the time of trial in each forum. *See Royal Queentex Enters.*, 2000 U.S. Dist. LEXIS 10139, at *9; *Jones*, 211 F.3d at 498-99. Applying these factors, Plaintiff fails to meet its burden.

This is not a case where Defendants are attempting to transfer venue out of Plaintiff's selected forum. Plaintiff selected Arizona, twice. Plaintiff asserted causes of action against Defendants under Arizona statute and Arizona common law, twice. Plaintiff has also forced Defendants to exhaust substantial resources litigating against Plaintiff in Arizona, twice. Plaintiff was also a party to what Plaintiff all but concedes was a collusive assignment to create subject matter jurisdiction in Arizona. These factors do not favor any transfer to New Jersey – rather, they favor leaving the matter here to allow the motion to dismiss to be addressed in the forum Plaintiff selected.

Next, New Jersey is not more convenient than Arizona for the parties. All four defendants are citizens of Arizona.[4] There is just one Plaintiff, and that one Plaintiff already decided on two occasions that Arizona was a more than convenient forum in which to bring its lawsuit. The Defendants would have to incur the costs and inconvenience of hiring new

---

[4] Plaintiff asserts in its transfer motion that only two of the five parties are Arizona residents. In the Joint Case Management Report, Plaintiff acknowledged that all four Defendants are Arizona citizens. [Dkt. 23 at 4.]

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

counsel in an unfamiliar jurisdiction, and of traveling across the country to participate in the litigation.  While it may be more convenient for Plaintiff to litigate in New Jersey, "transfer is not appropriate where the only justification is to shift the balance of inconveniences from one party to the other." *Moto Photo,* 2003 U.S. Dist. LEXIS 1955, at *12-13 (citations omitted).  This factor in no way favors Plaintiff, but instead counsels strongly in favor of keeping the claims here.

With regard to the convenience for witnesses, the moving party is supposed to present information regarding the location and identity of witnesses, the content of their testimony, and why it is relevant to the action.  *See Royal Queentex Enters.*, 2000 U.S. Dist. LEXIS 10139, at *10.  Further, primary consideration is given to third-party witnesses.  *See id.* Plaintiff attaches to its transfer motion a declaration from PAIF CEO Jack Cook.

In paragraph 10, Mr. Cook states "Plaintiff's principal place of business is located in Princeton, New Jersey.  Much of the physical evidence and most of the witnesses relevant to the Arizona Action will be located in New Jersey."  Mr. Cook provides no information to substantiate his self-serving claim that "most" witnesses are in New Jersey, and PAIF employees are hardly third-party witnesses.  Meanwhile, both parties identified a large number of third-party witnesses from around the country in their Responses to Mandatory Initial Discovery Requests.  Again, Plaintiff does not meet its burden.

Regarding the fourth factor identified above, Mr. Cook asserts that "much" of the evidence is located in New Jersey.  He makes no attempt to explain what the evidence is, or how it is relevant to the case, or even where or how it is supposedly maintained in New Jersey.  Indeed, there is much evidence in Arizona as well, given that all four Defendants are Arizona citizens.  Plus, the majority of evidence likely lies with Green Circle and the Wakpamni Tribe in South Dakota.  Transferring venue to New Jersey does not make that evidence any more accessible.

The fifth factor identified above concerns familiarity of each forum with the applicable law.  Plaintiff brings claims under Arizona statute and Arizona common law.  Plaintiff also

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

seeks attorneys' fees and costs under Arizona law.  There is no reason to believe that a district judge in New Jersey will be more familiar with the applicable law than a district judge in Arizona.  This factor undoubtedly favors the District of Arizona.

With regard to local interest in the controversy, Plaintiff filed suit against four Arizona defendants and asserted claims arising under Arizona law.  There are no claims arising under New Jersey law.  None of the events alleged by Plaintiff against Defendants occurred in New Jersey.  Moreover, Plaintiff is a Delaware Corporation.

The seventh and eighth considerations identified above concern the feasibility of consolidating claims and court congestion.  Plaintiff does not address the seventh factor, nor does it appear applicable.  Also, Plaintiff offers no evidence that Arizona courts are more overwhelmed than an east-coast court located in the shadow of New York City.  Last, the interests of justice surely do not countenance a district court ignoring its duty to inquire into the collusive invocation of its jurisdiction by handing the case off to a court on the other side of the country, particularly where the case is pending against its citizens and was brought by a Plaintiff seeking to sidestep the collusion inquiry and attendant discovery obligations.

Plaintiff has not carried its burden.  The relevant factors weigh substantially against change of venue, and the Court should not reward Plaintiff's collusive invocation of its jurisdiction. Transfer of this case to New Jersey would run counter to the interests of justice, and would not further considerations of convenience.

**B.     Plaintiff is not Entitled to Transfer Venue under 28 U.S.C. § 1412.**

28 U.S.C. § 1412 allows a court to transfer a "case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  Plaintiff acknowledges that there are doubts whether 28 U.S.C. § 1412 can be used to transfer venue in cases merely "related to" a Title 11 proceeding, and to Defendants' knowledge the Ninth Circuit has not addressed the issue.

Although Plaintiff may clear the very broad "related to" standard, several courts hold that 28 U.S.C. § 1412 cannot be used to transfer venue, including courts in this circuit.  *See,*

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

15

*e.g., Think Fin., LLC*, 2018 U.S. Dist. LEXIS 19480, at *17-18 ("Congress chose specifically in § 1334(b) to confer jurisdiction over 'proceedings under title 11, or arising in or related to cases under title 11' to the district courts. To read 'under title 11' in § 1412 to mean the broader 'under title 11 and related cases' . . . would render superfluous and insignificant the phrase 'related to cases under title 11,' as drafted by Congress in 1334(b)."); *see also Ni Fuel Co. v. Jackson*, 257 B.R. 600, 623 (N.D. Okla. 2000).

Even if § 1412 provided for transfers of matters merely related to a bankruptcy case, the Court should still deny the Motion to Transfer. As with Section 1404, Plaintiff carries the burden of showing that transfer is appropriate under Section 1412. *See TIG Ins. Co. v. Smolker (In re Tig Ins. Co.)*, 264 B.R. 661, 668 (C.D. Cal. 2001). The factors a court weighs when considering convenience of the parties and interests of justice under Section 1412 of Title 28 are substantially similar those under Section 1404. See *Umpqua Bank v. James*, 2012 Bankr. LEXIS 5263 *7, No. 11-29774-MER (D. Colo. Nov. 9, 2012) ("Courts consider substantially the same factors to determine a transfer of venue under § 1412 as a transfer under § 1404(a)."); *Hechinger Liquidation Trust v. Fox*, 296 B.R. 323, 325 (D. Del. 2003) ("A determination of whether to transfer venue under § 1412 turns on the same issues as a determination under § 1404(a) . . ."). As detailed above, those factors overwhelmingly weigh against the transfer of venue to New Jersey.

Plaintiff tries to use the so-called "home court" presumption, which is but one of a number of factors for the Court to consider. *See Smolker,* 264 B.R. at 668 ("the location of the debtor's bankruptcy is not the only factor that courts have evaluated in considering whether to transfer venue of an adversary proceeding under Section 1412."). Indeed, in *Smolker*, the court denied the motion to transfer under § 1412, despite the "home court" presumption, because the moving party could not satisfy its burden when it came to convenience of the parties and interests of justice. *See id.* at 668 ("with the exception of the home court presumption, *all* of the relevant factors are either neutral or weigh in favor of preservation of TIG's original choice of forum.") (italics in original).

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

16

As in *Moto Photo,* "the parties have exchanged initial disclosures, [had an opportunity to] amend[] their pleadings, and conducted preliminary discovery. . . The timing of plaintiff's motion creates a substantial possibility of undue delay if the case is transferred and may be denied on that basis alone." *Moto Photo,* 2003 U.S. Dist. LEXIS 1955, at *16. *See also FTC v. Multinet Marketing, LLC.*, 959 F. Supp. 394, 395-96 (N.D. Tex. 1997) (denying motion to transfer where "change in venue now is likely to upset the discovery and trial schedule and waste judicial resources"); *American Airlines, Inc. v. Rogerson ATS*, 952 F. Supp. 377, 384 (N.D. Tex. 1996) (denying motion where transfer would disrupt existing scheduling order). These cases are particularly persuasive, as Defendants are on the brink of presenting the collusion issue to the Court, only to be thwarted by Plaintiff's refusal to provide the requested discovery.

Plaintiff cannot carry its burden of establishing that the case should be transferred to New Jersey.

**V.    Conclusion.**

For the reasons above, the Court should deny Plaintiff's motion to transfer venue from Arizona to New Jersey, allow for the speedy resolution of the jurisdictional issue and issue any other orders consistent with the Court's duty to inquire into its jurisdiction

RESPECTFULLY SUBMITTED this 20th day of April, 2018.

BASKIN RICHARDS PLC


/s/ Alan S. Baskin
Alan S. Baskin
Peter A. Silverman
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona  85012
*Attorneys for Defendants/Counterclaimants*

1

**CERTIFICATE OF SERVICE**

2

3

    I hereby certify that on April 20, 2018, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF system for filing to:

4

5

Geoffrey S. Kercsmar
Sean J. O'Hara
Zachary R. Fort
KERCSMAR & FELTUS PLLC
7150 E. Camelback Road, Suite 285
Scottsdale, Arizona 85251

6

7

8

9

Derek J. Baker
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, Pennsylvania 19103-7301

10

11

*Attorneys for Plaintiff/Counterdefendant*

12

13

/s/ Nicole Rynearson

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800