**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRS GC Corporation, | No. CV-17-02348-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Oak Tree Management LLC, et al., | |
| Defendants. | |

Plaintiff FRS GC Corp. filed a complaint against Defendants Oak Tree Management LLC, Milagro Consulting LLC, David Harbour, and Abby Harbour, asserting various state-law claims related to an alleged misappropriation of funds. Doc. 1. Plaintiff has filed a motion to transfer the case to the U.S. Bankruptcy Court for the District of New Jersey. Doc. 45. The motion is fully briefed and oral argument will not aid the Court's decision. Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For the reasons that follow, the Court will deny the motion.

## I.     Background.

FRS GC LLC filed a complaint against Defendants in this Court in April 2017 alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The case was assigned to Judge Teilborg. *See* Case No. 2:17-cv-01189-JAT ("JAT"), Doc. 1. On June 1, 2017, Judge Teilborg ordered FRS GC LLC to supplement its complaint with "the names and citizenship of every member of each limited liability company" in order to

confirm that complete diversity of citizenship existed. JAT, Doc. 17 at 2. FRS GC LLC filed a supplement (JAT, Doc. 20), but Judge Teilborg concluded that it was insufficient (JAT, Doc. 21). Declining an opportunity to file an additional supplement, FRS GC LLC chose instead to dismiss the complaint on June 14, 2017. JAT, Docs. 21, 22.

The next day, FRS GC Corp. (Plaintiff in this case) was incorporated in Delaware. Doc. 46-1 at 37. On the following day – June 16, 2017 – FRS GC LLC appears to have assigned its rights in this litigation to Plaintiff. *Id.* at 39. Approximately one month later, Plaintiff filed this case, again alleging diversity jurisdiction. Doc. 1 ¶ 22. The complaint in this case is nearly identical to the complaint in Judge Teilborg's case. *Compare* Doc. 1 *with* JAT, Doc. 1.

## II. Jurisdiction.

Defendants oppose Plaintiff's motion to transfer, arguing that the Court lacks subject matter jurisdiction to grant such a motion. Doc. 46 at 7-9. "[T]he requirement that jurisdiction be established as a threshold matter is inflexible and without exception; for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)).

### A. Bankruptcy Jurisdiction.

Plaintiff appears to argue that the Court could exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334(b). Doc. 47 at 3. That statute grants federal courts "original but not exclusive jurisdiction of all civil proceedings . . . related to [bankruptcy] cases." 28 U.S.C. § 1334(b). Because Plaintiff's parent corporation filed for bankruptcy on March 9, 2018 (Doc. 45-1 ¶ 7), Plaintiff contends that this action is "related to" the ongoing bankruptcy case in the District of New Jersey. Doc. 47 at 3.

Questions of jurisdiction and justiciability ordinarily depend on the facts that exist when a complaint is filed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.4 (1992); *Dunmore v. United States*, 358 F.3d 1107, 1113 (9th Cir. 2004) (applying this standard to § 1334(b) jurisdiction). Because the bankruptcy proceeding did not begin until after

Plaintiff filed this case, § 1334(b) jurisdiction does not exist in this Court.

**B.    Diversity of Citizenship Jurisdiction.**

The complaint alleges diversity jurisdiction (Doc. 1 ¶ 22), but Defendants contend that focused discovery is needed to determine whether such jurisdiction actually exists (Doc. 46 at 9).  Defendants rely on 28 U.S.C. § 1359, which prohibits jurisdiction when "any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction" of the district court.

Defendants present facts sufficient to raise a legitimate question as to whether Plaintiff has attempted to manufacture § 1332 jurisdiction.  The Court cannot conclude at this time that it has subject matter jurisdiction to proceed with this case.  The Court will therefore deny Plaintiff's motion to transfer.

**IT IS ORDERED:**

1.    Plaintiff's motion to transfer (Doc. 45) is **denied**.

2.    The parties shall, on or before June 25, 2018, submit a jointly proposed schedule for expedited discovery on the issue of jurisdiction.

Dated this 14th day of June, 2018.

_____
David G. Campbell
United States District Judge

- 3 -